Vose *et al. v.* Hart.

REUBEN VOSE, *et al.*, Pltffs in Error, *v.* JAMES HART, Deft in Error.

### ERROR TO LAKE.

The plea of *non cepit*, in an action of replevin, only puts in issue the taking of the property, and does not authorize a judgment of *retorno habendo*.

This was an action of replevin in the Lake Circuit Court, brought by plaintiffs in error, and tried before Dickey, Judge, and a jury, at October term, 1850; and a verdict and judgment for the defendant. · Damages for $15.85 with costs, and a return of the property replevied, were awarded by the judgment. A motion for a new trial was overruled, and a bill of exceptions taken. The only plea filed, denied the taking of the goods in the said declaration mentioned, or any of them, in manner and form, as the said plaintiffs alleged. Issue was joined on this plea.

T. S. DICKEY & H. W. BLODGETT, for Pltffs in Error.

The judgment of the Circuit Court was erroneous in awarding a return of the property, upon the finding of the issue of *non cepit*, in favor of the defendant. Anderson *et al. v.* Talcott, 1 Gill., 371; 2 Starkie's Ev., 715; 1st Williams' Saunders, 347: 1 Chitty's Pl., 537; Johnson *v.* Howe, 2 Gil., 342; 2 Saunders' Pl. and Ev., 287; 2 Greenleaf's Ev., sec. 562, p. 532.

The plea of *non cepit* admits the property in the plaintiff, and only puts the taking in issue. 8 Monroe, 421; Selwyn's *Nisi Prius*, 1028; 3 Wendell, 671; Whitwell *v.* Wells, 24 Pick., 28.

FERRY & SEARLS, for Deft in Error.

TREAT, C. J.    Declaration in replevin. Plea *non cepit.* Verdict for the defendant. Judgment that he recover his costs, and have a return of the goods replevied. The judgment cannot be sustained. It is broader than the issue. The defendant was only entitled to a judgment for costs, the right of property not being in issue. The plea of *non cepit* admitted the right of property to be in the plaintiffs, and merely put in issue the taking of the goods. If the defendant desired a return of the goods, he

should have put the right of property in issue, by formally traversing the plaintiff's allegation of right, or by pleading specially that the right was in some other person. In one of these ways only, could he controvert the plaintiffs' claim, and impose on them the burden of showing that the goods replevied were their property. As the case stood, the jury had only to pass on the matter of the caption by the defendant. Anderson v. Talcott, 1 Gilman, 365. The Court erred, therefore, in awarding a writ of *retorno habendo*. The judgment will be reversed, and the cause remanded, with leave to the defendant to put the right of property in the goods in issue, by the filing of additional pleas.

*Judgment reversed.*