## LOUIS BOURK
### *v.*
## WILLIAM RIGGS.

1. VERDICT—*in replevin.* The verdict of not guilty, in replevin, is responsive to the issues of *non cepit* and *non detinet.*

2. ADMISSION—*by plea.* The pleas of *non cepit* and *non detinet,* in replevin, admit the property to be in the plaintiff.

3. WRIT OF RETORNO HABENDO—*when awarded.* A writ of *retorno habendo* can not be awarded in an action of replevin, unless it appears from the issues tried and the verdict returned that the plaintiff is not the owner.

4. So where the issues tried are upon the pleas *non cepit* and *non detinet,* and a verdict of not guilty upon those issues, it is error to award a return of the property.

WRIT OF ERROR to the Circuit Court of the County of Kankakee; the Hon. CHARLES R. STARR, Judge, presiding.

On the 4th of August, 1865, Louis Bourk instituted an action of replevin against William Riggs, before a justice of the peace in the County of Kankakee, for the recovery of a heifer. The cause was removed into the Circuit Court by appeal. In that court the plaintiff filed a declaration containing two counts, the first for taking the property and the second for the detention of the same. Issues were formed upon the pleas *non cepit* and *non detinet*, and a trial resulted in a verdict of not guilty. A motion for a new trial was refused, and a judgment was entered for the defendant, and awarding a return of the property. The plaintiff thereupon sued out this writ of error. The only question presented, is, whether it was proper to award a return of the property upon the issues and verdict.

Mr. C. A. LAKE, for the plaintiff in error.

Mr. JAMES N. ORR, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin brought before a justice of the peace for the recovery of a heifer. The cause was removed to the Circuit Court by appeal, where a trial was had, when the jury returned a verdict, simply, that they found for the defendant. The court caused the verdict to be entered in this form: "We find the defendant not guilty." Upon being inquired of by the court, the jury replied, that their verdict was based on the want of proof of a demand, and they had not passed upon the title to the property. Whereupon the plaintiff in error moved the court to send the jury back, and require them to pass upon that issue; but the court overruled the motion, and entered up a judgment on the verdict.

The verdict of not guilty, being responsive to the issues of *non cepit* and *non detinet,* both admitting property in plaintiff in error, it was erroneous for the court to award a writ of *retorno habendo.* Such a judgment should not be rendered, unless it appears from the issues tried and the verdict returned that plaintiff is not the owner. *Vose* v. *Hart,* 12 Ill. 378; *Johnson* v. *Howe,* 2 Gilm. 342; *Hanford* v. *Obrecht,* (post.) For these errors the judgment ot the court below must be reversed and the cause remanded.

*Judgment reversed.*