ISRAEL UNDERWOOD

*v.*

MILES WHITE.

1. INSTRUCTIONS — *will not be repeated.* Where an instruction announces the same principle of law as one given, it may be properly refused, although the language of the two instructions is different.

2. Verdict—*form of, in replevin.* In an action of replevin, where there are other pleas than *non cepit* and *non detinet,* a verdict "we, the jury find the issues for the defendant," is not analogous to a verdict of "not guilty."

3. The verdict of "not guilty," in replevin, is not responsive to any issue but that the defendant had not taken and detained the property.

4. Where there are several pleas in replevin, including "property in defendant," and the verdict of the jury is, "We, the jury, find the issues for the defendant," the defendant will be entitled to a return of the property.

5. Where the issue is *non cepit,* and it is found for the defendant, he is not entitled to a return, but it is otherwise when the right of property is in issue, by traversing the plaintiff's right, or pleading property in another.

Appeal from the Circuit Court of Stephenson county; the Hon. Benjamin R. Sheldon, Judge, presiding.

This was an action of replevin brought by Israel Underwood, the appellant, in the Circuit Court of Stephenson county to replevy from Miles White, the appellee, cattle, hogs, etc.

The defendant filed five pleas, viz.: first, *non cepit;* second, *non detinet;* third, that property was not in the plaintiff; fourth, property in defendant; fifth, property in William Corning, Daniel W. Hays and Alanson P. Kenedy.

Issue was joined on all the pleas, and cause tried at the April Term of said court. The jury found a verdict as follows: "We, the jury, find the issues for the defendant."

A motion for a new trial was overruled, and exceptions taken. The plaintiff then interposed a motion in arrest of judgment. Motion overruled, and judgment rendered on the verdict against the plaintiff for costs, and that the defendant have a writ of *retorno habendo* for the return of the property replevied. The plaintiff brought the case to this court by appeal.

Messrs. Thomas J. Turner and James J. Neff, for the appellant.

Mr. H. C. Hyde and Messrs. Burchard & Barton, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It is not contested, that the evidence is so conflicting as that the court will not disturb the finding of the jury because it is against the weight of the evidence. We shall, therefore, pass to the consideration of other questions urged for a reversal.

It is insisted, that the court below erred in refusing to give appellant's sixth instruction. Upon an examination of the record, we find that the principle it contains is more fully and clearly announced in his fifth instruction than it is in the instruction refused. It has been so repeatedly held by this court, that the court trying a cause need not repeat an instruction, and may refuse to give one which announces the same rule of law given in another, that it is deemed unnecessary to refer to the cases. This must be regarded as the settled doctrine of the court, and we therefore decline a further discussion of the rule of practice.

It is also urged, that the court erred in refusing appellant's seventh instruction. It is this: " If you find the circumstances under which Fleming participated in the profits and losses of the adventures in which he and plaintiff were engaged, are such as to prove that Fleming took-profits and shared losses in the character of an agent and as a mere compensation for his labor and services, then Fleming had no power to sell, and could not give a good title to the defendant for the property in dispute." The principle contained in this instruction is clearly announced in appellant's fifth instruction, which was given. Although the language may be different, still it unmistakably asserts the same rule.

It is argued, that the second instruction given for appellee is erroneous, and was calculated to mislead the jury. It informs the jury, that, unless appellant had proved, that he was the sole owner of the property and was entitled to its exclusive possession, he was not entitled to recover. We do not see that this instruction was wrong under the pleadings and evidence in the case. Appellant had sued as, and attempted to prove that he was, the sole owner, and was entitled to the exclusive possession of the property. He had not sued to recover as a partner or

joint owner, or as being entitled to hold possession with another. No objection is perceived to this instruction.

It is again insisted, that the court below erred in awarding a return of the property, because the jury, by the verdict returned, failed to pass upon the issue formed by the fifth plea. The first plea was *non cepit;* the second was *non detinet;* the third, the goods were not the property of the plaintiff; the fourth, that the property was in defendant, and fifth, property in third persons. The verdict of the jury was, "We, the jury, find the issues for the defendant." It is urged, that this verdict is the same as "not guilty." We fail to perceive the analogy. The verdict of not guilty could not, by any fair intendment, be held responsive to any issue but that defendant had not taken or detained the property, but the verdict in this case in terms states, that it finds the issues for defendant. What issues? Manifestly all in the case. It is thus apparent, that all of the issues were passed upon and found for the defendant; and, if so, no reason is perceived why he should not be restored to the possession of the property, of which appellee had been wrongfully deprived. Where the issue is *non cepit,* and it is found for the defendant, he is not entitled to a return, but it is otherwise when the right of property is in issue, by traversing the plaintiff's right, or pleading property in another. *Vose* v. *Hart,* 12 Ill. 378. The judgment is affirmed.

*Judgment affirmed.*