ALICE VAN NAMEE

*v.*

TIMOTHY M. BRADLEY *et al.*

1. PLEADING—*effect of pleas of non cepit and non detinet in replevin.* In replevin, the pleas of *non cepit* and *non detinet* concede the right of property to be in the plaintiff, and only put in issue its caption and detention.

2. SAME—*plea of property in another in replevin.* The plea of property in a third person in an action of replevin only puts in issue the plaintiff's right to the property, the allegation of property in another being merely inducement to the traverse of the plaintiff's right.

3. REPLEVIN—*interest in property necessary to maintain.* As against a wrong-doer, prior possession alone is sufficient to enable the plaintiff to maintain replevin. If the right of the plaintiff is better than that of the defendant, whatever it may be with regard to the rest of the world, possession is sufficient evidence of right against every one who is neither the true owner nor rightfully possessed.

4. SAME—*property in another to defeat action.* The property in the defendant, or a third person, sufficient to sustain a defense under such pleas, must be such as goes to destroy the *interest* of the plaintiff, which, if existing, would sustain the action, or, in other words, such as would defeat an action of trespass, if brought in place of this action in case of a wrongful taking, or trover, if brought for a wrongful detention.

5. If the plaintiff is in the rightful possession of property against all the world, including the real owner, he will be entitled to recover, notwithstanding a plea of property in the true owner, as against a mere wrong-doer who fails to connect himself with such true owner.

6. Where a married woman was in the possession of property through her agent, and the proof showed that she claimed the same, and tended also to show that she purchased it with her separate means, and the same was seized by the sheriff as the property of her husband under an execution against him, and there was no plea filed justifying under the writ, the only pleas filed being *non cepit, non detinet,* and property in the husband: *Held,* that the plaintiff was entitled to recover, and that the defendant, under the pleadings, was not in a position to question the *bona fide* character of the plaintiff's possession and ownership in respect to creditors of the husband.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an action of replevin, brought by Alice Van Namee against Timothy M. Bradley and Michael B. McDonough, for certain personal property. The substance of the material facts appear in the opinion of the court. On the trial a verdict was had for the defendants, upon which the court rendered judgment, and the plaintiff appealed.

Mr. A. D. Rich, and Mr. S. M. Millard, for the appellant.

Mr. Justice Scholfield delivered the opinion of the Court:

There is no attempt to justify the taking of the property by the defendants in this case. The pleas of *non cepit* and *non detinet* concede the right of property to be in the plaintiff, and only put in issue its caption and detention. *Johnson* v. *Howe*, 2 Gilm. 342; *Vose et al.* v. *Hart*, 12 Ill. 378; *Warner* v. *Matthews*, 18 id. 86; *Bourk* v. *Riggs*, 38 id. 320; *Chandler* v. *Lincoln*, 52 id. 74.

The plea of property in D. A. Van Namee, Jr., the husband of the plaintiff, only put in issue her right to the property—the allegation of property in the husband being merely inducement to the traverse of the wife's right. *Anderson* v. *Talcott*, 1 Gilm. 371; *Chandler* v. *Lincoln, supra.*

Notwithstanding it is said, where the defendant in replevin pleads property in a stranger, it is not necessary, to entitle him to recover, that he should connect himself with the title, (*Anderson* v. *Talcott, supra; Rogers* v. *Arnold*, 12 Wend. 37; *Hammond* v. *Mead*, 1 Hill, 204,) it does not follow that the defendant is entitled to recover merely because the stranger may have the actual title to the property. "The property, whether in the defendant or a third person, sufficient to sustain a defense, must be such as goes to destroy the *interest* of the plaintiff, which, if existing, would sustain the action; or, in other words, such as would defeat an action of *trespass*, if brought in place of this, in case of a wrongful taking, or *trover*, if brought for a wrongful detention." *Rogers* v. *Arnold, supra.*

As against a wrong-doer, prior possession, alone, is sufficient to enable the plaintiff to maintain the action. If the right of the plaintiff is better than that of the defendants, whatever it may be with regard to the rest of the world, possession is sufficient evidence of right against every one who is neither the true owner nor rightfully possessed. 1 Smith's Leading Cases, and authorities there cited, Vol. 1, p. 648 (7 Am. Ed.). This we understand also to be the view of the law expressed by the Supreme Court of New York in *Rogers* v. *Arnold, supra.* Mr. Justice NELSON, in delivering the opinion of the court in that case, after reviewing authorities, said: "These cases expressly decide that, in the action of *trespass,* as the possession of a chattel is *prima facie* evidence of right, a mere stranger could not deprive the party of that possession without showing some authority or right derived from the true owner to justify the taking. This sound and uncontrovertible principle has also been extended to the action of trover, and, we think, is applicable to *this action,* and explains and confirms the position before taken, that, in a plea of property, the defendant must not only show title in himself or others, but he must also traverse or deny the right of the plaintiff, and that this is the material issue."

In a subsequent case, before the Court of Appeals of New York, *Johnson* v. *Carnley,* 10 N. Y. 570, an action, under their code of procedure, in the nature of replevin, was brought to recover certain property levied upon by the sheriff. The answer denied that the property was wrongfully detained; alleged that the plaintiff was not the owner, or entitled to the possession of the property; and justified its taking by virtue of an execution against Burbridge and Morgan. There was some evidence tending to show that the property belonged to Van Antwerp & Co. The opinion of the court was delivered by Mr. Justice TAGGART, who, after reviewing the previous decisions in that State bearing upon the questions before the court, said: "The plaintiff in this case proved a title in herself sufficient to authorize her to recover. She had the

possession, and the rightful possession of the horse, against all the world, including Van Antwerp & Co. She had the absolute right against everybody except Van Antwerp & Co. It would be unjust to allow the defendant, who has no privity of interest with the owners, (even admitting Van Antwerp & Co. to be the absolute owners.) to defeat her recovery and realize the value of property which he has no possible claim upon, by a mere technicality, such as is claimed in this case. As against the defendant, the plaintiff has proved title in herself, and is entitled to recover. The rule that a plea of property in a stranger is a good plea in replevin, without connecting the defendant therewith, is a rule of pleading, and is not infringed upon in this case."

In *Wheeler* v. *McCorrister*, 24 Ill. 40, replevin was brought for certain property, to which the defendant pleaded, 1st, *non cepit;* 2d, *non detinet;* 3d, property in defendant; and 4th, property in Patrick M. Kilduff. The court said: "In this case, the defendant below did not, in his plea, justify the taking of this property under an execution, or other process, against Kilduff, or any one else. We have a right, then, to suppose he did not so take it, and all evidence of an execution was properly rejected. It follows, then, if there was no execution, the defendant showed no right to disturb the plaintiff in his peaceable possession of the property. Suppose it was Kilduff's property, if the defendant had no right to seize it, the plaintiff had the right to keep the possession of it until ousted by the true owner."

In the present case, the evidence shows that the property was in the possession and under the separate control of the plaintiff, by her agent, when it was seized by the defendants, and it tends also to show that the property was her own separate property, purchased by money which she obtained from her father's estate. This, under the rule laid down by the authorities referred to, was clearly sufficient to authorize her to recover as against mere wrong-doers. The defendants did not, by their pleas, set up any right to the property of her

husband. They set up no right whatever to intermeddle with the property, and are, therefore, to be regarded as mere trespassers.

If the defendants had pleaded that they were creditors of D. A. VanNamee, Jr., and as such had seized the property in controversy on execution or attachment against his goods and chattels, it would have been competent for them to have introduced evidence of this fact, and also evidence questioning the *bona fide* character of the plaintiff's possession and ownership. But it would seem to be too clear a proposition to require argument, that the wife's separate ownership and possession of property, when proved, as it is here, by her own and her husband's oaths, to be *bona fide*, is conclusive against all the world, except the creditors of the husband, or those claiming under him, who may be defrauded thereby.

Inasmuch as the judgment and rulings of the court below were not in harmony with the foregoing opinion, the judgment will be reversed and the cause remanded.

*Judgment reversed.*