# NILS MATTSON ET AL.

## v.

# WILLIAM HANISCH.

1. REPLEVIN—WRIT OF RETORNO.—The pleas of *non cepit* and *non detinet* in replevin, admit property in the plaintiff, and put in issue only the wrongful taking and detention; and under those pleas alone, if the plaintiff fails to sustain his case, it is error to award a return of the property to the defendant.

2. WHEN WRIT WILL BE AWARDED.—To justify a judgment for the return of the property, there must be not only a plea of property in the defendant or a stranger, but the verdict must find the property not in the plaintiff.

3. VERDICT UPON PART OF THE ISSUES ONLY.—If a jury finds but part of the matter put in issue, and says nothing as to the residue, the verdict is ill, and a *venire facias de novo* should issue if no judgment is given; but if judgment is entered upon the verdict, it should be reversed.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed February 4, 1880.

Mr. A. D. BALDWIN, for appellants; that a verdict of not guilty upon the issues of *non cepit* and *non detinet* does not determine the right of property, cited Anderson v. Talcott, 1 Gilm. 365; Vose v. Hart, 12 Ill. 378; Ingalls v. Bulkley, 15 Ill. 224; Bourk v. Riggs, 38 Ill. 320.

If a jury finds only part of the issue, the verdict is void: 1 Graham & Waterman on New Trials, 140; Rex v. Hayes, 2 Ld. Raymd. 1518; Hanford v. Obrecht, 38 Ill. 493.

Waiver is purely a question of intention: Diehl v. Adams County Ins. Co. 58 Pa. St. 443; Cordova v. Hood, 17 Wall. 1; Vroman v. Darron, 40 Ill. 171; Bird v. Hamilton, Walker (Mich.) 361.

Mr. J. K. HANNAY, for appellee; in support of the verdict, cited Chandler v. Lincoln, 52 Ill. 74; Anderson v. Talcott, 1 Gilm. 365; Van Namee v. Bradley, 69 Ill. 299.

Mattson v. Hanisch.

McAllister, J.   This was replevin in the Superior Court of
Cook county by appellants against appellee, for a quantity of
mittens and gloves.   There were two counts in the declaration
—one in the *cepit*, the other in the *detinet*.   The pleas were
*non cepit, non detinet*, and property in defendant, upon which
issue was joined.   The verdict was: "We, the jury, find the
defendant not guilty;" on which the court gave judgment and
awarded a *retorno habendo*.   Plaintiffs appealed to this court,
and amongst other things assign for error the awarding of *re-
torno habendo* upon the mere finding of "not guilty," without
any finding of the issue on the plea of property.

The pleas of *non cepit* and *non detinet* admit property in the
plaintiff and put in issue only the wrongful taking and deten-
tion.   Talcott v. Anderson, 1 Gilm. 365; Vose v. Hart, 12 Ill.
378; Ingalls v. Bulkley, 15 Ill. 224; and under those pleas
alone, and the plaintiff's failing to sustain his action, it is error
to award a return of the property to the defendant.   To justify
that judgment there must not only be a plea of property in the
defendant or a stranger, the effect of which is to put in issue
the right of property, either general or special in the plaintiff,
but the verdict must find the property not in the plaintiff.   A
verdict upon issues raised by such pleas of property filed with
*non cepit* or *non detinet* which said, "we, the jury, find the
issues for the defendant," would be regarded as finding the
property in the defendant, where he had pleaded property in
himself.   But a verdict where the issues are upon a plea of
*non cepit* or *non detinet*, or both, and upon property in defend-
ant, and which merely finds the defendant "not guilty," can
be regarded only as a finding upon the question of the wrong-
ful taking and detention, and not upon the right of property
in the plaintiff at all.   The verdict not covering all the issues,
and not finding that the property was not in the plaintiff, it is
manifest error to give the defendant judgment upon it, that he
shall have a return of the property awarded to him.

These questions were involved in Bourk v. Riggs, 38 Ill.
320.   The court said: "The verdict of 'not guilty,' being
responsive to the issues of *non cepit* and *non detinet*, both
admitting property in plaintiff in error, it was erroneous for

the court to award a writ of *retorno habendo.* Such a judgment should not be rendered unless it appears from the issues tried and the verdict returned that plaintiff is not the owner."

In Hanford v. Obrecht, 38 Ill. 320, the pleas were the same as in the case at bar, only there was in addition a plea of justification. The verdict was simply "not guilty," on which the court awarded a *retorno habendo.* The Supreme Court reversed it for that error alone. Again, in Underwood v. White, 45 Ill. 437, that court held that a verdict of "not guilty" would be responsive only to the issue of *non cepit,* and would not be a finding upon the plea of property.

But there is a broader ground on which this assignment of error rests, and it is this : "If a jury finds but part of the matter put in issue, and says nothing as to the rest, the verdict is ill, and a *venire facias de novo* shall issue if no judgment is given; but if judgment is given upon such verdict it shall be reversed." Rex v. Hayes, 2 Lord Raymond, 1518; 1 Graham & W. on New Trials, 140.

The judgment of the court below will be reversed and a new trial granted.

Reversed and remanded.