SADIE TERHUNE

V.

CANUTE R. MATSON ET AL.

*Replevin—Chattel Mortgage—*Retorno.

1.   A recital in a mortgage that the mortgagor is "of the town of South Chicago," having his place of business therein, can not operate to estop the mortgagee from showing that the mortgagor's residence was at the time of the making of the mortgage in a foreign State, or in the town of "North Chicago," the acknowledgment having been taken before a justice of the latter town.

2.   In an action of replevin brought to recover the stock, furniture and fixtures of a saloon, seized and held on a distress warrant and a judgment against plaintiff's husband, she claiming the goods by virtue of a chattel mortgage made to her by him, and also as having purchased and taken possession of the same prior to the seizure thereof, this court holds, in view of the evidence, that the judgment for the defendants can not stand.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Terhune v. Matson.

Mr. Charles J. Beattie, for appellant.

Messrs. C. H. Remy and Fred L. Brooks, for appellees.

Waterman, J. Appellant brought against appellees an action of replevin to recover the stock, furniture and fixtures of a saloon in Chicago. The goods had been seized and were held by appellees on a distress warrant and a judgment against Stephen A. Terhune, the husband of appellee, and one C. O. Lowery.

Appellant claimed the goods by virtue of a chattel mortgage made to her by Stephen Terhune, and also as having purchased and taken possession of the same some two weeks prior to the seizure. The mortgage was executed and recorded some two months prior to any seizure of the goods by appellees. The mortgage was acknowledged October 15, 1887, before a justice of the peace of the town of North Chicago, in which town Stephen Terhune testified he then resided; the only other evidence as to this point, tended to show that his residence at that time was in Minnesota. The mortgage read:

" Know all men by these presents, that Stephen A. Terhune, of the town of South Chicago."

The court below being of the opinion that the evidence did not show that Stephen Terhune, when he executed this mortgage, was a resident of the town of North Chicago, held it void as to his creditors and found the issues for appellees.

The statute in relation to chattel mortgages provides that, if the mortgagor is not a resident of this State at the time of making the acknowledgment, then the mortgage may be acknowledged before any officer authorized by law to take acknowledgment of deeds. Sec. 2, Chap. 95, R. S.

If, therefore, Stephen Terhune, October 15, 1887, resided in Minnesota, the acknowledgment was sufficient, unless the recital that he was of the town of South Chicago is controlling and can not be contradicted. The mortgage does not say that he is a resident of the town of South Chicago, but that he is of such town, which was true, as his place of business was there. We see no reason why appellant should be, by

this recital, estopped to show the truth as to the residence of the mortgagor. Appellees do not claim to have relied upon this recital or to have done or suffered anything because of it.

The court below found property in Matson and Clark. Under the issues there was no evidence warranting a finding of the property in Clark. He claimed by virtue of a distress warrant he had issued, but no evidence whatever was offered showing that the relation of landlord and tenant existed between him and those against whom the warrant ran; moreover, there was no plea setting up property in Clark, and consequently it was improper to find property in and give to him a writ of *retorno.* Van Namee v. Bradley. 69 Ill. 299.

There ought to have been a disposition of the cause as to William L. Goggin, as to whom, by oversight or otherwise, there was none.

*Reversed and remanded.*