Dyer v. Brown.

## Jasper Dyer v. C. W. Brown and Minerva Brown.

1.  PLEADING—*A Plea Held to be in Effect a Plea of Non Detinet.*—A declaration in replevin charged the defendants with the wrongful detention of the property in controversy, to which the defendants pleaded that they were not guilty of the grievances charged against them in plaintiff's declaration. *Held,* that the plea was in effect a plea of *non detinet.*

2.  REPLEVIN—*Writ of Retorno Habendo Not Awarded on Plea of Non Detinet.*—A plea of *non detinet* in replevin admits the plaintiff's title to the property and puts in issue the detention only; and in a replevin suit where the only plea is *non detinet,* it is error to find the title to the property in the defendant and to award a writ of *retorno habendo.*

**Replevin.**—Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 13, 1897.

MEEKER & MEEKER, attorneys for appellant.

MILLS BROS. and COCHRAN & MILLER, attorneys for appellees.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This is an action of replevin brought by appellant to recover of appellees a certain plant for handling grain, consisting of an office, scales, dumps, oat bins and corn cribs, situate on the right of way of the Terre Haute & Peoria Railroad Co., in Lovington, Moultrie county, Illinois.

The declaration filed in the case contains but one count,

which charges that the defendants wrongfully detain the property in controversy. To this declaration the defendants filed but one plea, in which they say they are not guilty of the grievances charged against them in plaintiff's declaration. This plea in effect is simply a plea of *non detinet*.

This case was tried by the court, the jury being waived by agreement.

The court found the title of the property in the defendant, and that the plaintiff pay the costs, and awarded to the defendants a writ of *retorno habendo*.

The grievance complained of in the declaration was the detention of property only. The plea of *non detinet* put this only in issue. Hackett v. Jones, 34 Ill. App. 562; Hanford v. Obrecht, 38 Ill. 493; Bourke v Riggs, 38 Ill. 320; Underwood v. White, 45 Ill. 437; Ingalls v. Bulkley, 15 Ill. 224.

The court erred in finding the title of the property in the defendants. The plea of *non detinet* admits the title of property in the plaintiff. Van Namee v. Bradley, 69 Ill. 299; Vose et al. v. Hart, 12 Ill. 378.

There was no plea setting up title to the property in controversy in defendants. The finding of the court can not be broader than the issue, consequently the court erred in finding the title to the property in defendants and in awarding them a writ of *retorno*. Terhune v. Matson, 40 Ill. App. 296; Vose et al. v. Hart, *supra;* Hackett v. Jones, *supra.*

For the errors indicated the judgment of the court below must be reversed and this cause remanded.