CHARLES ROHE, Jr.

*v.*

JAMES PEASE, Sheriff.

*Opinion filed February 20, 1901.*

1. APPEALS AND ERRORS—*when amount involved in replevin appeal exceeds $1000.* The amount involved in an appeal in replevin exceeds $1000 where the affidavit for the writ of replevin states that the value of the property is $3000 and there is no evidence in the record that the value is less.

2. REPLEVIN—*a plea of non cepit does not authorize a judgment for retorno habendo.* In replevin, a plea of *non cepit* only puts in issue the taking of the property, and does not authorize a judgment for a *retorno habendo.*

3. SAME—*verdict of not guilty—to what issues responsive.* A verdict of not guilty is responsive to those issues, only, under which the plaintiff is admitted to be the owner of the property, and hence it is erroneous to award a writ of *retorno habendo* thereon.

4. SAME—*when a judgment for retorno habendo may be rendered.* A judgment for a return of the property can only be rendered where it appears from the issues tried and verdict returned that the plaintiff is not the owner of the property.

*Rohe* v. *Pease*, 89 Ill. App. 657, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

E. C. WESTWOOD, for appellant.

PAM, CALHOUN & GLENNON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this suit in replevin to recover from appellee goods taken by him, as sheriff, by virtue of an execution against Charles Rohe, Sr. The declaration contained two counts, the first for taking the goods and the second for detaining them. There were four pleas: First, *non cepit;* second, *non detinet;* third, property in Charles Rohe, Sr.; fourth, justification under the execution against said Charles Rohe, Sr. The cause was put at issue by replications to these pleas, and the issues so made were submitted to a jury, which returned the following verdict: "We, the jury, find the defendant not guilty." The court entered a judgment upon the verdict against plaintiff for costs and that defendant have a writ of *retorno habendo* for the property. The Branch Appellate Court for the First District affirmed the judgment.

The appellee has moved to dismiss the appeal on the ground that the amount involved is less than $1000. The affidavit for the replevin writ stated that the value of the property was $3000, and it therefore sufficiently appears from the record that the amount in controversy exceeds $1000. (*Morris* v. *Preston,* 93 Ill. 215.) There is no other evidence in the record of the fair value of the property or that it was less than $1000, in contradiction of the affidavit. It is claimed that it appears from the evidence that substantially the same property was sold some time after the execution of the replevin writ for

$800. There was some difference in the property, and the question of the value of the goods when taken was not tried in any manner nor was any evidence directed by either party to the value of such goods at that time. The motion to dismiss is overruled.

In replevin, the plea of *non cepit* only puts in issue the taking of the property and does not authorize a judgment for a *retorno habendo*. (*Vose* v. *Hart,* 12 Ill. 378.) That plea and the plea of *non detinet* filed in this case both admitted the property to be in the plaintiff. A verdict of not guilty is responsive to those issues, only, under which the plaintiff is admitted to be the owner, and it is erroneous for a court to award a writ of *retorno habendo* upon such a verdict. A judgment for the return of the property cannot be rendered unless it appears from the issues tried and the verdict returned that the plaintiff is not the owner. (*Bourk* v. *Riggs,* 38 Ill. 320.) The provision of the statute authorizing a judgment for a return of the property to the defendant is, that if the right of property is adjudged against the plaintiff such a judgment may be given. (3 Starr & Cur. Stat. 1896, p. 3382.) In *Hanford* v. *Obrecht,* 38 Ill. 493, the pleas were: First, *non cepit;* second, property in the defendant; third, property in a third person; fourth, justification of the taking under an execution against such third person. Issues were made up and the jury merely found a verdict of not guilty, upon which the court rendered judgment ordering a return of the property. In deciding the case this court said: "In *Vose* v. *Hart,* 12 Ill. 378, the court held that where there was only a plea of *non cepit* and a verdict of not guilty it was error to award a *retorno habendo*. That case is decisive of this. It is impossible to apply the finding of the jury to any issue except that made under the plea of *non cepit,* and the case is in nowise distinguishable, in principle, from the one just cited. There being no other issue found, the record presents the same question that it would had no other plea been pleaded." In *Underwood* v.

*White,* 45 Ill. 437, one of the issues was the right of property, and the court held that a verdict finding the issues for the defendant was equivalent to a finding of that issue and that defendant was entitled to a return of the property. The verdict in this case was not guilty, and that verdict is not responsive to any issue but that the defendant has not taken and detained the property. It is not a finding of the issue as to the right of property. There was no verdict upon that issue and it was not decided by the jury. It is claimed by counsel that the jury must have intended to decide the issue under the third and fourth pleas, involving the right of property, because that issue was tried and was the principal one presented to the jury. Most of the evidence related to the ownership of the property, but we do not see how that fact could obviate the necessity of a verdict on such issue. The verdict is responsive to a portion, only, of the issues, and the judgment entered was erroneous and the Branch Appellate Court erred in affirming it.

Counsel for the appellant attempts to make the point in this court that the superior court should not have awarded the *retorno habendo* without first entering a judgment that the defendant have and recover from the plaintiff the property taken under the writ. Appellee, upon leave granted, has filed in this court a certified copy of appellant's brief and argument in the Appellate Court, from which it appears that no such point was made or argued in that court. It will not therefore be considered here.

The judgments of the superior court and the Branch Appellate Court are reversed and the cause is remanded to the superior court. *Reversed and remanded.*