## Addison A. Faxon v. Mr. and Mrs. Henry Monser.

### Gen. No. 4,576.

1. REPLEVIN—*when verdict in, not responsive to issue.* A verdict of not guilty is not responsive in an action of replevin, where the issue is one of ownership.

Action of replevin. Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 10, 1906.

CLIFFE & CLIFFE, for appellant.

CARNES, DUNTON & FAISSLER, for appellees.

MR. JUSTICE FARMER delivered the opinion of the court.
This is an appeal from a judgment in the Circuit Court
in an action of replevin brought by appellant against ap-
pellees to recover 13 turkeys. The suit was originally
brought before a justice of peace and by appeal removed
to the Circuit Court. Both parties claimed to be the owner
of the turkeys, each claiming to have owned them since they
were hatched. Appellees claimed their turkeys strayed away
and disappeared for a while and were later discovered by
them in a flock of turkeys belonging to appellant, who was
a neighboring farmer to appellees. They thereupon sepa-
rated the turkeys they claimed from the rest of the flock
and took possession of them, and appellant brought this suit
to recover them back. After hearing the evidence in the
Circuit Court the jury rendered the following verdict, "We,
the jury, find the defendants not guilty." Appellant there-
upon moved the court to set aside the verdict and grant a
new trial, and among the grounds of said motion urged that
the form of the verdict was improper, and that the verdict
did not pass upon or settle the issues involved in the case.
The court overruled the motion and rendered judgment in
favor of appellees and awarded a *retorno habendo*. Later,
but during the same term of court, on motion of appellees,
the order for a *retorno habendo* was vacated and the judg-
ment as finally entered is simply a judgment against appel-
lant for the costs of the litigation.

As, in the view we take of this case, the judgment must
be reversed on account of the insufficiency of the verdict, we
do not deem it necessary to discuss the evidence which was
conflicting, nor the other errors assigned. On the trial both
parties claimed to own the turkeys and each introduced a
number of witnesses whose testimony tended to support their
respective claims, and the question as to who was the owner
was the real contest in the case. It is not controverted that
appellees took the turkeys out of a flock that belonged to
appellant and detained them until this suit was brought.

The verdict in this case is responsive to the issues of *non cepit* and *non detinet*. The real issue and the one to which the evidence was directed was as to the ownership of the property, and upon this question in our opinion the jury did not pass at all so far as appears from their verdict. It is argued by appellees that as the suit was originally begun before a justice of the peace, there were no written pleadings, and that the verdict must have been intended to be responsive to all the issues in the case and should be so considered. It is not claimed, however, by appellees that the verdict authorized a judgment in their favor for a return of the property and recognizing this, on their motion, the court, after having rendered judgment awarding them a writ of *retorno habendo,* set it aside and rendered judgment only for costs in their favor. We think the issues were as well defined in this case as if there had been written pleadings. If the turkeys belonged to appellees they were not wrongfully taken nor wrongfully detained, but if they were not theirs, they were wrongfully taken and wrongfully detained, and these issues could only be determined by a determination of the ownership of the property. It is conceded by appellees that under the verdict and judgment in this case they have no right to the property and that it is lawfully retained by appellant. If the turkeys were the property of appellant, then it cannot be denied under the facts in this case, that a verdict that appellees were not guilty of wrongfully taking and detaining them is contrary to all the evidence in the case. If the verdict of the jury, instead of finding the defendants not guilty, had found the issues in their favor, then it might have been sustained upon the theory that all the issues were found for appellees, but the verdict in this case is responsive only to the issues of *non cepit* and *non detinet,* and to hold that it was a finding on the question of the ownership of the property would be to inject into it something that was never found or passed upon by the jury as shown by this record. It is true some expressions are to be found in a few cases referred to by appellees' counsel in their brief tending to support their po-

sition, that as there were no written pleadings the verdict is sufficient to sustain a judgment for costs, but we do not think this position supported by the weight of authorities in this State. That a verdict of not guilty in a replevin suit does not determine the right of possession or ownership of property is conclusively settled by Rohe v. Pease, 189 Ill., 207. Counsel for appellees concede that under the verdict in this case appellant was entitled to the property and say in their brief: "It may be, on this record, inconsistent that the issue of property should be found for the plaintiff and the issues of wrongful taking and wrongful detention found for the defendant, but the plaintiff (appellant) is not injured if the evidence sustains the verdict as to those issues that were found against him, and it is familiar doctrine that an appellant cannot complain of error that did not injure him." To hold that such error is harmless would clearly be wrong. It is not disputed that on account of three trials in a justice's court and one in the Circuit Court a large amount of costs have accrued in this case and it appears to us it would be unreasonable to hold that while appellant is the owner and entitled to the possession of the property in controversy he cannot complain of a judgment against him for costs in recovering it. On the other hand if appellees were the owners of the turkeys, it would be doing violence to their rights to award them to appellant upon his paying the costs of the litigation.

It is doubtless true that the value of the property here involved is entirely disproportionate to the amount of costs accrued and that the litigation should be terminated as speedily as possible, yet this would not justify us in violating the rules of law to bring about this much desired result. The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*