## Andrew J. Baldwin, Plaintiff in Error, v. George M. Smith, Defendant in Error.

1. REPLEVIN—*when owner may take possession.* The lawful owner of personal property has the right in person or by agent to take possession of property owned whenever and wherever it may be found, if such possession may be taken in a lawful and peaceable manner.

2. REPLEVIN—*what essential to recovery in action for.* The plaintiff in an action of replevin must recover upon the strength of his own title.

3. REPLEVIN—*effect given to return of officer.* In an action of replevin the return of the officer upon the writ is conclusive as between the parties and cannot be contradicted or avoided in the suit for the purpose of defeating any rights which may have been acquired on the strength of it.

Replevin. Error to the Circuit Court of Pike county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded with directions. Opinion filed December 7, 1907. Rehearing denied May 22, 1908.

W. E. WILLIAMS, PAUL F. GROTE, WILLIAM MUMFORD and W. H. CROW, for plaintiff in error.

JEFFERSON ORR and GEORGE C. WEAVER, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in replevin by plaintiff in error

against defendant in error for the recovery of the possession of certain cattle alleged to have been unlawfully taken from the possession of plaintiff by the defendant. A verdict was returned in the Circuit Court finding the issues for the defendant. Motions by the plaintiff for a new trial and in arrest of judgment were overruled, and a judgment awarding the return to the defendant of the property described in the declaration was entered. To reverse such judgment this writ of error is prosecuted by the plaintiff.

The material facts involved, briefly stated, are the following: The plaintiff, who is 76 years old, was married in 1897 to his present wife, Esther Baldwin, then a widow with several children, and the owner of a farm of 140 acres and some personal property. In 1902, the parties ceased living together, plaintiff leaving the farm and his wife continuing there. While they were both upon the farm considerable personal property was accumulated including a large number of hogs and cattle. On April 2, 1903, plaintiff filed a bill in equity against his wife alleging the existence of a partnership between them in the conduct of the farm and praying an accounting. On August 8th, thereafter, the plaintiff went to the farm in the nighttime, drove away the cattle in controversy and placed them in the custody of one Willard, who lived about nine miles from the Baldwin farm. Upon discovering that the cattle had been taken away, Mrs. Baldwin on August 9th procured a warrant to issue against plaintiff and Willard upon the charge of larceny of the cattle. The warrant was delivered to the defendant who was the sheriff of the county. The defendant accompanied by two of his deputies then proceeded to the Willard farm where they found the plaintiff and Willard in charge of the cattle. After some conversation the cattle were surrendered to the defendant and were by him on the same day delivered to Mrs. Baldwin. On the following day the present suit was instituted by the plaintiff for the recovery of

the cattle. A writ of replevin was issued to the coroner of the county, who, as appears from the return of the writ, served the same by reading it to the defendant and also by "seizing from the possession of the defendant" and delivering to the plaintiff the cattle described therein, with the exception of four head which he was unable to find. The sole plea of the defendant being property in Esther Baldwin, the only material and proper issue submitted to the jury under the pleadings was whether the rights of ownership and possession of the property in controversy were in the plaintiff as against the world. We shall not occupy the time and space necessary for a review of the evidence relating to the ownership and right of possession of the property at the time it was surreptitiously taken from the defendant by the plaintiff. It will suffice to say that upon full consideration of the same, we are satisfied that the jury were fully warranted in finding that the cattle in question were the separate property of Mrs. Baldwin; that the plaintiff had no legal or equitable right either of ownership or to the possession thereof, and that the seizure by him was unlawful.

In such state of facts Mrs. Baldwin had the right to, in a lawful and peaceable manner, retake possession of the cattle by herself or agent whenever and wherever they might be found. It is insisted by plaintiff that the evidence shows that the defendant acquired possession by duress, intimidation, false imprisonment and abuse of process, and that the law will not protect such possession; that mere possession is sufficient as against a wrong-doer. The evidence is conflicting as to whether the defendant made use of the warrant and his official position to coerce the surrender of the cattle, or whether he acted merely in a private capacity as the agent of Mrs. Baldwin and made no use of the warrant for that purpose. The jury were instructed that if they believed from the evidence that the defendant obtained possession of the cattle by

threats or intimidation, such taking was forcible and unlawful. The jury found such issue in favor of the defendant and we believe it was justified in so doing. It is also contended that inasmuch as the evidence shows that the cattle were not in the possession or control of the defendant at the time of the issuance of the writ, but that he had theretofore delivered them to the plaintiff, the court erred in ordering the return of the property to him. It is well settled that in an action of replevin, the plaintiff must recover upon the strength of his own title, and where his title is denied, the burden of proof is upon him to show a general and special property in the goods themselves. The question raised by the pleadings in the present case is not whether the right of property was in Esther Baldwin, but whether the right to immediate possession was in the plaintiff. Pease v. Ditto, 189 Ill. 456. The plaintiff failed to show any title or right to the possession of the property in himself and such was the effect of the verdict returned which verdict was responsive to the issues and warranted by the evidence. The right of property having been adjudged against the plaintiff, the court properly gave judgment for a return of the cattle to the defendant as is provided by the statute.

In an action of replevin, if the defendant insists upon a return he must contest the plaintiff's right of recovery. This he may do by pleading specially that the right of property is in some one other than the plaintiff. "The object of these allegations by the defendant is to procure a return of the property, and to impose on the plaintiff the necessity of proving title to sustain his action. These allegations, when made, require the plaintiff to make out his right. If the defendant pleads property in himself or a third person, he must in the same plea traverse the plaintiff's allegation of right. In such case the allegation of property in the defendant, or a third person, is only considered as inducement to the traverse of the plaint-

iff's right, and the plaintiff must take issue on the traverse and not on the inducement. On such an issue, the substantial matter in dispute is the right of the plaintiff to the property. The plaintiff holds the affirmative of the issue, and must sustain his right, or fail in the action. What the plaintiff must prove, the defendant is at liberty to disprove. This he may do, by showing a state of facts inconsistent with the plaintiff's claim of right.'' Anderson v. Talcott, 6 Ill. 371; Constantine v. Foster, 57 Ill. 36.

The contention that inasmuch as Smith admitted in his testimony that he did not have possession of the cattle at the time the writ was served upon him, he was not entitled to any other verdict than that of not guilty and that the court erred in awarding to him a return of the property, is untenable. The indorsement of the coroner upon the writ as returned into court recites that he had served the writ by reading the same to the defendant ''and also by seizing from the possession of the defendant George M. Smith'' and delivering to the plaintiff the property described in the writ.

Such return was conclusive between the parties and cannot be contradicted or avoided in the suit for the purpose of defeating any rights which have been acquired on the strength of it. In other words, it is protected the same as any other official record. Cobbey on Replevin, section 661 and cases cited. As between the parties the officer's return that he took the goods out of the defendant's possession is conclusive. *Ibid.;* Sams v. Armstrong, 8 Mo. App. 573. While the return if incorrect might have been amended in accordance with the facts on due notice and a proper showing, no steps to that end were taken and it was therefore conclusive as made. *Ibid.*, sec. 663.

Although we do not fully approve of all the rulings of the court upon the given instructions, the merits of the case appear to be so clearly with the defendant that we are satisfied that the plaintiff was not preju-

diced by any inaccuracies contained therein. When read together they state the law applicable to the facts with substantial accuracy. Those refused were either covered by others given, or were not in accord with the view of the law herein expressed.

It is also insisted that Esther Baldwin, being the wife of the plaintiff, was an incompetent witness. Inasmuch as the litigation involved her separate property she was clearly a competent witness under the statute. Cassem v. Heustis, 201 Ill. 208; Funk v. Eggleston, 92 Ill. 515.

It is further urged that the judgment is erroneous because it directed the return of more property than was actually seized. It is admitted by defendant that the judgment is incorrect in this respect and that a return should have been awarded for but twenty-four instead of twenty-nine head of cattle.

The judgment of the Circuit Court will therefore be reversed and the cause remanded with directions to so amend the said judgment as to award a return only of the property described in the return to the writ of replevin.

*Reversed and remanded with directions.*