## William P. Launtz, Appellant, v. E. P. Brown et al., Appellees.

APPEALS AND ERRORS—*harmony of verdict and judgment.* Where a verdict is not responsive to the issues and the judgment is not predicated upon the verdict, the cause will be reversed and remanded.

Attachment. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

WILLIAM P. LAUNTZ, *pro se.*

WISE, McNULTY & KEEFE, for appellees.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

In this case, appellant brought suit in attachment against appellee Brown, to recover a sum for rent claimed to be due, and levied upon certain personal property covered by two chattel mortgages held by appellee Firoved. Firoved filed an interpleader, claiming first lien upon the property attached by virtue of the chattel mortgages. Issues were joined and

the case tried by jury, which returned the following verdict: "We the jury find the issues on the attachment in favor of the defendant Firoved," and the court entered the following judgment: "It is therefore considered and adjudged by the court, that the attachment in this case be dissolved, judgment is rendered in favor of plaintiff and against the defendant for the sum of $162.15." This is not in conformity with the issues joined and to be tried. The judgment does not conform to the verdict, and neither verdict nor judgment can be held to have determined the rights of all the parties to this action. For these reasons the judgment must be reversed and the cause remanded. Barbour et al. v. White et al., 37 Ill. 164; Dow v. Rattle, 12 Ill. 373; Mattson et al. v. Harnisch, 5 Ill. App. 102; Hackett v. Jones, 34 Ill. App. 562. By the pleadings, statement of counsel and argument, two issues were submitted to the jury, one by traverse of appellant's affidavit for attachment, and the other by traverse of appellee Firoved's interpleader. The verdict is not responsive to either issue, and the judgment does not even purport to be on the verdict returned. It is therefore ineffectual as a conclusive determination of the rights of the parties and the matters in controversy. This much appears of record, and notwithstanding the failure of appellant to properly abstract the record and present the matter to this court, justice requires that the judgment be reversed. Numerous questions of law and fact are discussed by appellee in elaborate argument, which for want of sufficient abstract, and for the reason that it is unnecessary, we will not further consider.

*Reversed and remanded.*