## The National Cash Register Company, Appellant, v. A. Wait, Appellee.

1. MORTGAGES—*when third party charged with notice of chattel.* A party is charged with notice of a chattel mortgage given by the owner in the corporate name used in business (such mortgage being recorded) if he has notice of any facts which would put a prudent and cautious man upon inquiry.

2. LANDLORD AND TENANT—*what essential to creation of lien by distress warrant.* In order to create a landlord's lien it is essential that a distress warrant shall be issued and levied.

3. REPLEVIN—*when award of writ of retorno improper.* Upon a favorable decision upon the plea of *non cepit* or *non detinet,* or both, a writ of *retorno habendo* should not be awarded.

Replevin. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

D. C. CORLEY, for appellant.

C. E. SCHROLL, for appellee.

National Cash Register Co. v. Wait, 158 Ill. App. 168.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in replevin by appellant for the recovery of possession of three National Cash Registers. Upon a trial by jury, judgment was rendered that appellee recover of appellant the possession of the property replevied and that writ of *retorno habendo* 'issue.

The first count of the declaration avers that appellee took the goods of V. DeSanctis, formerly doing business under the name of Decatur Hotel Company, and detained them. The second count is the same except that it alleges that DeSanctis was doing business under the name of Decatur Hotel Co., and avers also a demand, and that appellee unlawfully detained the goods. The third count alleges that the appellee unlawfully detained the goods of V. DeSanctis, doing business under the name of the Decatur Hotel Co. The fourth count alleges that appellee unlawfully detained the goods of the Decatur Hotel Co., consisting of V. DeSanctis, E. Love and L. B. DeSanctis.

The first plea was *non cepit* as to the first count. The second plea was *non detinet* as to the second, third and fourth counts. The third, fourth and fifth pleas were to the whole declaration. The third plea alleged property in appellee by purchase from Love. The fourth plea set up a sale of the property by Love, the owner and proprietor of the hotel known as The Decatur Hotel, under appellant's mortgage, to appellee, without any knowledge or notice of the chattel mortgage. The fifth plea alleged that Love was the owner of the hotel; that the property was placed in the hotel and became part of the furnishings of the hotel, and thereby became liable to the landlord's lien, and that Love, in order to satisfy the lien, sold and transferred the property to appellee. Replications were filed traversing each of said pleas, but it is not therein alleged that the right of property was in the plaintiff.

The evidence discloses the following facts: Prior to the spring of 1908, The Decatur Hotel Company conducted a hotel in a building in Decatur, Illinois, owned by appellee. The company became bankrupt at that time, and ceased to do business. Its assets were purchased by appellee, who thereupon leased said building to one Love for the term of five years from September 23, 1908. Love, his wife, and V. DeSanctis and his wife, who was a daughter of Love, thereupon formed a corporation styled "The Interstate Hotel Company," and thereafter conducted a hotel business in the building. It proved unprofitable, and on April 16, 1909, Love who was heavily indebted to appellee, transferred to him all his personal property, his lease to the hotel, together with all property of the Interstate Hotel Company, including the cash registers in controversy. Prior to this time, on March 4, 1909, the appellant company had sold said cash registers to DeSanctis, for the sum of $645, and to secure payment of the purchase price, accepted from him a note therefor, secured by a chattel mortgage on the cash registers, both note and mortgage being executed by DeSanctis under the name of "Decatur Hotel Co. by V. DeSanctis." The mortgage was forthwith duly recorded in Macon county, as required by law. Appellee refused to deliver the cash registers to appellant after demand, whereupon the present suit was instituted. Appellee denies that at the time of the transfer by Love of the personal property used in the hotel, to him, he had either actual or legal notice or knowledge of the existence of the chattel mortgage, unless the recording of the same in the name of the "Decatur Hotel Co. by V. DeSanctis," constituted such legal notice. He testified that prior to the purchase of the property he examined the record of chattel mortgages to ascertain whether or not Love had executed one upon the property in question.

The second instruction, given at the request of appellee, reads, in part, as follows:

"The recording of the chattel mortgage introduced in evidence is notice of the rights and liabilities of the plaintiff, the National Cash Register Co., and of the Decatur Hotel Co. in and to the cash registers, to everybody dealing with reference to such registers, with DeSanctis, and knowing he was doing business, if he was, under the name Decatur Hotel Co., but it is not notice of the rights of the plaintiff to any person who dealt with DeSanctis in his own name and having no notice or knowledge of the fact, if it be a fact, that he was doing business in the name of Decatur Hotel Co."

The instruction did not properly state the law applicable to the facts in the case. The jury was told, in effect, that as a matter of law, the recording of the mortgage was not notice to appellee of the rights of appellant, unless he had actual notice or knowledge that DeSanctis was doing business in the name of Decatur Hotel Co. If appellee had notice of any facts which would have put a prudent and cautious man upon inquiry, then he was chargeable with notice of all facts which diligent inquiry would have disclosed. Hennebery v. Morse, 56 Ill. 394; Babcock v. Lisk, 57 Ill. 329; Prettyman v. Unland, 77 Ill. 206; Bent v. Coleman, 89 Ill. 364; Bank v. Dayton, 116 Ill. 257; Mason v. Mullahy, 145 Ill. 383; Weigel v. Green, 218 Ill. 227. Whether DeSanctis' connection with the property, together with the manner in which the note and mortgage was signed and acknowledged, was known to appellee, and was sufficient to put him upon further inquiry, was a question of fact which should have been submitted to the jury.

Appellant's first instruction, which told the jury that though they believed said Love acquired title from DeSanctis, they must believe from a preponderance of evidence that he procured that title without actual or constructive notice of the mortgage, and that actual

notice was not necessary, but that said Love was bound to know what is disclosed by the records of the county in which the mortgage is recorded after same was filed for record, should have been given.

In view of the fifth plea, it was error to refuse to permit appellant to show whether or not a distress warrant had ever been issued against Love. In order to create a landlord's lien it is essential that a distress warrant shall be issued and levied. Hadden v. Knickerbocker, 70 Ill. 677; Herron v. Gill, 112 Ill. 247.

It is further urged that the court erred in awarding a writ of *retorno habendo*. We are of opinion that the writ was improperly awarded. In Anderson v. Talcott, 1 Gil. 365, 371, the court said: ''The plea of *non cepit* only puts in issue the taking of the property. This plea admits the right of property to be in the plaintiff and if the defendant succeed on the plea he is not therefore entitled to a return of the property. If he insists on a return he must contest the plaintiff's right to the property. This he may do by formally traversing the plaintiff's allegation of right or by pleading specially that the right of property is in some one other than the plaintiff.  *  *  *  The defendant is bound to take this course before he can contest the plaintiff's right to the property. The object of these allegations by the defendant is to procure a return of the property and to impose on the plaintiff the necessity of proving title to sustain his action.'' This rule of pleading is supported by Chandler v. Lincoln, 52 Ill. 74; Reynolds v. McCormick, 62 Ill. 412; Constantine v. Foster, 57 Ill. 37; Vose v. Hart, 12 Ill. 377; Ingalls v. Bulkley, 15 Ill. 224; Bourk v. Riggs, 38 Ill. 321; Rohe v. Pease, 189 Ill. 207; Baldwin v. Smith, 143 Ill. App. 56.

The pleas of *non cepit* and *non detinet* admit property in appellant. Rohe v. Pease, 189 Ill. 207. The third, fourth and fifth pleas fail to traverse appellant's right of property. All replications are to averments of property in either Love or appellee. The

issue was thus formed upon the inducement of each of said pleas, and not upon the question of title to the property in appellant. Such issue was therefore not submitted to the jury, and the judgment for the writ of *retorno habendo* was erroneous. "A judgment for the return of property cannot be rendered unless it appears from the issues tried and the verdict returned that the plaintiff was not the owner. Rohe v. Pease, 189 Ill. 207.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*