THE PEOPLE, on the relation of P. Tower, *vs.* NIAGARA C. P.

Soulden
v.
Cook.

Where judgment is rendered against a plaintiff in replevin, and there is no other plea than *non cepit*, the defendant is not entitled to judgment *pro retorno habendo*.

MOTION for a mandamus. The relator was the defendant in an action of replevin, and put in plea of *non cepit* only. On the trial of the cause, the plaintiff was nonsuited, and the defendant entered a judgment of *retorno habendo;* which on motion, the Niagara common pleas struck from the record. A mandamus was now asked for to restore that judgment.

*P. Cooke,* for relator.

*W. Hotchkiss,* contra.

*By the Court,* SAVAGE, Ch. J. It is said, in behalf of the relator, that a plea of *non cepit* in replevin is like the general issue in other actions; it may be so in some respects, but if found for the defendant, if the jury say that he did not take the goods, how can there be a judgment *pro retorno habendo ? Non cepit* is a plea in bar, not involving the merits of the action ; and if a defendant claims a return of the goods, he must add an avowry or cognizance inducing a return, or he is not entitled to judgment for a return. (1 *Chitty,* 490. 1 *Saund.* 374, *n.* 1. 1 *Strange,* 507.) The mandamus is denied.