SAFFELL
*vs*
WASH.

---

## Saffell *vs* Wash.

ERROR TO THE ANDERSON CIRCUIT.

*Replevin. Exempted property.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS action of replevin was brought by Wash against Saffell for taking a horse of the plaintiff. The defendant pleaded, that he, as Constable, having in his hands an execution from a Justice of the Peace against Wash, levied it, while in full force, on the horse, being the property of the plaintiff, and prays a return. To this the

plaintiff replied, that the horse was his only work beast, which upon facts stated, he claimed to be exempt by law from execution. The defendant rejoined, denying the exemption, and issue having been taken thereon, the jury found for the plaintiff one cent in damages, for which, together with the costs, a judgment was rendered against the defendant.

As the law of the land exempts from levy and sale, under certain circumstances, the only work beast of an execution debtor, and as the verdict establishes the existence of the circumstances which make up the right of exemption, there can be no doubt that upon the whole record the defendant was not entitled to a return of the property, for this would have been to recognize and establish in him a right and interest in it, which the law, under the circumstances, says he shall not have; and the effect would be, by the agency of the law, to take from the plaintiff and hand over to the defendant for the purpose of sale, (for if he has no right to sell he has no right to be restored to the possession,) that which the law declares he shall not sell.

On the other hand, the pleadings and verdict show that the plaintiff in this action, was the defendant in the execution under which the property was seized by the defendant in this action; and if by law the defendant in an execution, cannot bring replevin for his exempt property, taken under the execution against him, then of course he cannot be entitled to judgment for damages and costs.

It was decided in the case of *Reynolds* vs *Sallee*, (2 *B. Monroe*, 18,) that under the law as it stood after the repeal of the act of 1830, (which expressly prohibited a defendant in an execution from being plaintiff in replevin in his own right, when the property was taken under the execution,) that as the law then stood, the defendant in the execution could not maintain replevin for his property, taken under that execution, though the property was exempt by law. And the act of 1842, concerning the action of replevin, (3 *Stat. Law*, 503,) does not, in our opinion, give the right. So far from it, the second section of that act declares that "no cross replevin, or replevin for property in the possession of an officer, by vir-

<div style="margin">
Saffell vs Wash.

An officer against whom replevin is brought has no right to a judgment for the return of property which he has not a right to sell.

A defendant in execution prosecuting replevin against an officer to regain the possession of his only work beast, though he succeed, has no right to judgment for damages and costs.

The Statute of 1830, is not repealed by that of 1842, so as to authorize a defendant in execution to prosecute an action of replevin for property levied on.
</div>

tue of legal authority, &c. shall be brought, &c. &c. provided, however, that property taken by virtue of a distress warrant or fee bill may be replevied." The language of the section is broad enough to prohibit any person whatever from bringing the action for property taken in execution. And although subsequent sections recognize the right of strangers to bring such action, there is no recognition of the right of the defendant himself, and no provision for that case. Moreover, as the act gives ten per cent damages against a stranger to the execution or distress warrant, and also against the defendant in the distress warrant, if any of them being plaintiff in replevin should fail in the action, the omission to notice the case of the defendant in an execution being plaintiff in replevin, and to make a similar provision in case of his failure in the action, shows that the Legislature did not contemplate the happening of such a case under the act, and tends strongly to prove that the second section was intended and understood to interdict any defendant in an execution from maintaining, at least in his own right, the action of replevin for his property taken under the execution.

Upon this construction of the act, which we feel bound to adopt, it follows, that upon the pleadings and verdict, the plaintiff had no right to maintain the action, and, consequently, that he had no more right to a judgment for damages and costs than the defendant had a right to a return. For to give him such a judgment would be to give him the full fruits of an action which, upon the face of the record, it appears he has, by law, no right to maintain. In this anomalous state of the case, the question is, what judgment should be given upon the whole record?

An analysis of the pleadings shows that the plea contains matter sufficient not only to bar the action by justifying the taking, but also to entitle the defendant to a return. The replication does not show a right to maintain the action, because it admits the plaintiff to have been the defendant in the execution. But it avers facts which, if true, show that the defendant has no right to a return of the property; and issue being taken upon this matter, the replication is found to be true. In point of legal ef-

fect, the replication fails to maintain the right of action by the plaintiff, and resists or defends the claim of the defendant to a return. In such a state of case, the plaintiff could not be entitled to damages, nor to the costs of the action, but the defendant having maintained his bar to the action, ought to have his costs. The defendant, however, having failed in establishing his claim to a return, and consequently not being entitled to any damages, would seem not to be entitled to the costs of that part of the proceeding, if they are separable from the costs of the principal suit, and if they should not, as perhaps they should, be regarded as incidental merely. There is, however, another consideration which, as we think, should determine the question of costs against the plaintiff, and that is, that to allow him not only to retain the property, the possession of which he has regained by the writ, but also to recover the costs of maintaining his right to it, would be going farther in opposition to the act which prohibits him from resorting to this remedy than is absolutely necessary, to avoid the infringement of the act which exempts the property in question from the execution. And that a defendant in an execution should not, in view of the policy of the former act, be allowed to resort to this interdicted remedy even for the recovery of his exempt property, but at the certain hazard of paying all the costs of the proceeding. It is sufficient for him, though from a regard to his right, secured by any one statute, he is allowed to retain his property regained by him in violation of another.

We are of opinion, therefore, that the judgment in favor of the plaintiff for damages and costs is erroneous, and that upon the whole record, the defendant should have had a judgment in bar and for his costs.

With regard to the motion for a new trial, it is only necessary to say, that the verdict was authorized by the evidence, and the instruction was correct as applicable to the issue; and that the affidavit as to the discovery of evidence, if in other respects sufficient, being unaccompanied by the affidavit of the witness alledged to have been discovered, and containing no reason for not having

procured it, was not a sufficient ground for granting a new trial.

A repleader was not necessary either for the justice of the case, or to enable the Couit to render judgment.

Wherefore, the judgment is reversed and the cause remanded, with directions to render a judgment for the defendant as above indicated.

*Draffin* for plaintiff: *Kavanaugh* for defendant.

---

MOTION.

*Case 21.*

*Sept.* 30.

Paymasters of regiments may maintain motions against collector of fines, for failing to settle and pay over fines collected by such collector, crediting the commissions & such fines as were not collectable.