## MOULTON *versus* BIRD.

In replevin, the defendant may, with a plea of *non cepit*, file a brief statement that the property is in himself, or in a stranger, and that it is not in the plaintiff.

From the plea of *non cepit* the common law drew an inference of *property* in the *plaintiff*.

That inference is dislodged, when, together with that plea, such a brief statement is filed.

Upon such plea, with brief statement that the special property and the right of possession are in the defendant, and not in the plaintiff, if there be a verdict of *non cepit*, the defendant is entitled to a judgment of return.

REPLEVIN. Plea, *non cepit*, with brief statement that the property was in one Carter, and that defendant, being an officer, had attached it as Carter's property; and that the property was not in the plaintiff.

The trial was before HOWARD, J.

Carter had owned the property, and had made a conveyance of it to the plaintiff. The defendant contended that that conveyance was fraudulent and void as against creditors.

The verdict was, that the defendant "did not take." Plaintiff moves to set aside the verdict, "because it is defective and informal, and does not find the issue presented in the case, and no legal judgment can be rendered thereon."

*Fox*, for plaintiff.

The real matter, submitted to the jury, was the question of property. This they omitted to find. The defendant's plea

admitted the property to be in the plaintiff; it only put in issue the unlawful taking or detention. *Whitwell* v. *Wells*, 24 Pick. 28.

On the issue of *non cepit*, the defendant cannot question the plaintiff's title. *Green* v. *Dingley*, 24 Maine, 137; *Vickery* v. *Sherburne*, 20 Maine, 34.

The brief statement created an issue of property in the plaintiff, or in Carter, without our filing any counter brief statement.

The rendition of a judgment on the verdict upon these pleadings, would not settle the title to the property. It would not be a bar to a suit in trover. It has no binding effect.

*Rand*, for defendant.

The verdict is sufficient. The trial was not upon the general issue alone. It was upon a state of pleading which involved both the taking and the ownership. The verdict rightfully followed the technical issue. No particular form of a verdict is necessary.

The jury could not have found for defendant, except on the ground of property.

The incongruity in the form is not greater than in verdicts on the plea of limitation, or set-off. Suppose a case in trover and a release set up, must the jury render verdict that defendant is guilty, but has been released?

We ask for a judgment of return. Such a judgment must depend upon the pleadings. In view of the whole pleadings, we are entitled to it.

*Fox*, for plaintiff, in reply.

If, as defendant contends, the pleading involved both issues, the verdict is defective, for it finds nothing as to the ownership of the property.

SHEPLEY, C. J., orally. — Can there, upon this verdict, be a judgment for return? The pleadings seem inconsistent, yet they are allowable by our statute. At common law, the plea of *non cepit* admits property in the plaintiff. How then can

a return be ordered. In *Whitwell* v. *Wells*, 24 Pick. 25—32, it is said to be " well settled, on issue of *non cepit*, there can be no return, for it admits the property of the plaintiff. But that is where the only plea is *non cepit*."

In this case, it is true, there was no issue taken upon the point, for the law does not require one ; but there was a representation, lawfully before the jury for their consideration, that the special property and the right of possession, were in the defendant.

By the verdict, it is not the plaintiff, but the defendant, that prevailed. That verdict must have been rendered upon the ownership. The taking had been admitted and justified by the brief statement. The whole record must be examined together.

" In cases where there is a plea of property in the defendant, or in a stranger, and the issue is determined for the defendant, there should be a return." " The general rule is stated to be, that, where it appears from the record, that the defendant was in possession at the time of the replevin, he shall, if he prevail, have a return."

In this case, it appears of record by the brief statement, which is made equivalent to a special plea, by statute, that the property was alleged to be in Carter. The issue was found for defendant ; not specially on that plea, because no issue was joined on it. Yet it is apparent by the record, that no other fact was in issue, than that of property, which must have been found for defendant, and he, being in possession, is entitled to a                                  *Judgment for return.*