## BROWN VS. STANFORD, ET AL. EXRS.

Although the statute (*Sec.* 44 *Ch.* 145, *Gould's Dig.*) is very broad, it never
could have been its intention, on a finding in favor of the defendant upon the plea
of *non-detinet,* in replevin, to award him a return of the property of which he had
never been in possession, and which he never claimed.

*Appeal from Crawford Circuit Court.*

Hon. FELIX I. BATSON Circuit Judge.

FOWLER and STILLWELL, for the appellant.

The wrongful detention of the property only was put in
issue. The plaintiff's title was not put in issue. Wallace did
not set up title in himself or a third person, and the defen-
dants were not entitled to a judgment of a return of property.
See *Kinny's L. C.* 542; *The People vs. Niagara,* 4 *Wend.* 219;
*Wend.* 671; 1 *John. R.* 380; 12 *Wend.* 36; *Rawle* 283.

It seems that the property was never taken, legally or ille-
gally; consequently the judgment should have been for costs
only.

WALKER & GREEN, and WILLIAMS & WILLIAMS, for the ap-
pellees.

As to the judgment for a return of property, the judgment is
right, because the statute prescribes that the defendant shall
have a return of the property when the plaintiff fails in the
action (*Gould's Dig. Ch.* 145, *Secs.* 43, 44;) because, as against
the defendant, the plaintiff is estopped to deny the fact, which
he had solemnly avowed and sworn to, that the defendant was
in possession when the suit was brought; and because there
cannot be *two* judgments, one for the plaintiff for the property,
the other for the defendant for costs.

Mr. Justice FAIRCHILD delivered the opinion of the court.

When this case was previously before this court, as *Wallace vs. Brown*, 17 *Arks*. 449, it was adjudged that Brown, the plaintiff below, and now the appellant, could not maintain replevin for the negro sued for, as he was not entitled to its immediate possession at the beginning of the suit, having hired the negro out for a term that had not then expired; and because Wallace had never had the negro in his possession and could not therefore be guilty of her detention. And because judgment was rendered against Wallace upon this state of the case, it was reversed and the case remanded for a new trial.

Upon the second trial, which was had before the court, by consent, no legal evidence was given that the negro sued for was not in possession of Brown, the plaintiff, at the time the suit was begun; nor do we see how the verdict of the court sitting as a jury can be upheld, but for the fact, which is abundantly shown by the testimony, that Wallace, the original defendant, never had in possession the negro that is the subject of the suit.

Upon this ground, verdict, etc., was without doubt properly given for the defendants; who, as the executors of the last will of Wallace, were substituted as parties in his stead, upon the case being remanded to the Circuit Court.

The single issue in the case was upon the plea of *non detinet*, and as Wallace had been guilty of no detention of the negro, he was not subject to be sued for her, and upon his plea, was entitled to an entire discharge from the suit, with his costs adjudged to him.

And under the 44*th Section of Ch*. 145 *of Gould's Digest*, the Circuit Court, in rendering judgment for the defendant upon the verdict, also directed a judgment of return of the negro to the defendants, as a necessary consequence of any judgment in their favor upon final trial; and the question now before us, is, whether a return of property should be awarded to one, from whose possession it never was taken; to one, whose own proof

shows that he never claimed the property, and whose successful defence of the action depends upon the fact of his not being liable to any suit about the property.

The statute cited is very broad, but it never could have been its intention to have given to a stranger, property that he had been illegally sued for; to have punished the owner of property with its forfeiture, because, by accident, by carelessness or by real design, he had brought suit for property out of his possession, against one who is proven never to have been in possession.

Upon the defaults of pleading specified in the 43d and 44th sections of the statute referred to, the plaintiff is held to admit a failure of right to maintain suit; and when property is proven to be in the defendant, or in a third person, or when taken out of the legal possession of the defendant, without regard to its ownership, a judgment for the defendant would be attended by a return of the property as a legal consequence and part of the judgment; but certainly it should not be so when the effect and result of the defence are, to show that the defendant· has never had the control or use of the property, has never meddled with, and does not claim it.

Even if the case were now as it was when here before, in showing a want of right in the plaintiff to sue, as well as a right in the defendant not to be sued, the authorities are satisfactory in holding that judgment of return would not be given to a defendant, who was fully shown not to be entitled to the property.

*Whitwell vs. Wells*, 24 *Pick.* 25, is a direct authority that where property had been replevied, and the plaintiffs had not shown a right of possession, and the defendants were not in possession, judgment must be given for the defendants, but with no award of the property; the court leaving it in the hands of the plaintiffs, though they failed to show any right thereto.

The same doctrine is distinctly announced in *Saffell vs. Wash*,

4 *B. Mon.* 94. See also *Kelly vs. Hume*, 3 *Mon.* 182, and *People vs. Niagara*, *C. P.* 4 *Wend.* 217.

.Let the judgment be reversed and the cause remanded to the Circuit Court of Crawford county,. with instructions for judgment to be entered on the finding of the court sitting as a jury for the defendants, but only for their costs, and otherwise consistent with this opinion.