38 493
34a 563
38 493
71a 318
38 493
f189 1 209
f189 2 209

ZALMON F. HANFORD

*v.*

JACOB OBRECHT.

1. REPLEVIN—*when a return of the property may be awarded.* In replevin the pleas were, 1st. *non cepit*; 2d. property in the defendant; 3d. property in a third person, and 4th. justification of the taking under an execution against such third person. Upon a verdict of not guilty, merely, it was held to be error to award a return of the property.

2. Such a case is not distinguishable from one where the plea of *non cepit* alone is filed, and a verdict of not guilty returned; and in that case it has been held to be error to award a *retorno habendo*. *Vose* v. *Hart*, 12 Ill. 378.

APPEAL from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of replevin brought by Zalmon F. Hanford against Jacob Obrecht. A trial resulted in a verdict and judgment for the defendant. The plaintiff brings the case to this court by appeal. A sufficient statement of the case will be found in the opinion of the Court.

Mr. THOMAS P. BONFIELD, for the appellant.

Mr. STEPHEN R. MOORE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This was an action of replevin. The defendant pleaded four pleas : 1st. *non cepit*; 2d. property in himself ; 3d. property in one Zalmon Hanford, and the 4th. justified the taking by the defendant, as sheriff, under an execution against Zalmon Hanford. Issues were made up on these pleas, and the jury on the trial merely found a verdict of not guilty, upon which the court rendered judgment and ordered a return of the property.

In *Vose* v. *Hart*, 12 Ill. 378, the court held that where there ·was only a plea of *non cepit*, and a verdict of not guilty, it was error to award a *retorno habendo*. That case is decisive of this. It is impossible to apply the finding of the jury to any issue except that made under the plea of *non cepit*, and the case is in no wise distinguishable, in principle, from the one just cited. There being no other issue found, the record presents the same question that it would had no other plea been pleaded.

Judgment reversed and cause remanded.

*Judgment reversed.*