## WILLIAM J. McGREGOR v. GEORGE COLE.

*Replevin—Demand—Joint possession—Parties.*

1. The failure of a mortgagee, to whom a husband and wife mortgaged household goods, to make a demand upon the wife for the delivery of the goods before replevying them of the husband upon default, the same being in their joint possession, will not defeat the action.

2. Where, in such a case, the goods are in the exclusive possession of the wife, and replevin is brought against her for the same without demand, she can defeat the action, not because she is entitled to the possession, but because she is not guilty of *unlawfully* detaining the goods, in which case she will be entitled to a judgment for costs, but not for a return of the property as against the lien of the plaintiff; citing *Darling v. Tegler*, 30 Mich. 54; *Gidday v. Witherspoon*, 35 Id. 368; *Hinchman v. Doak*, 48 Id. 168; *Steere v. Vanderberg*, 90 Id. 189.

Error to Hillsdale. (Lane, J.) Argued April 4, 1894. Decided May 18, 1894.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*F. A. Lyon*, for appellant.

*Frankhauser Bros.*, for defendant.

HOOKER, J. Defendant, being in the employ of the plaintiff, got married, and, wishing to go to keeping house, prevailed on the plaintiff to aid him in buying some household goods, which he did by signing a note with him for $72, and paying for a stove $6, making $78 in all. The defendant gave the plaintiff a chattel mortgage for the amount, which provided that, if the mortgagor should attempt to remove the goods, or any part of the same, from the house where he was living, without

the written consent of the plaintiff, the plaintiff might take the same, and hold them until the mortgage should become due, when he might foreclose it. The wife signed this mortgage. The articles were removed without plaintiff's consent, and, after the mortgage became due, he demanded possession of the defendant, which being refused, he brought replevin.

Upon the trial it was claimed by the defendant that the non-joinder of the wife, and the failure to make demand for the property upon her, were fatal to the plaintiff's action, and the court so held, and, a return of the property being waived by the defendant, judgment for its value, to the amount of $54, was rendered. The wife was not made a party, and defendant was allowed to recover upon the theory that, being in the joint possession of the property with her husband, and such possession being lawful, it could not be lawfully interfered with before demand upon her, and that she was a necessary party to the action, which must fail for these reasons. There was no denial that the defendant was in possession, but he claims that his wife was also in possession, which was lawful until demand was made upon her as well as. him.

Had the property been in the exclusive possession of the wife, and replevin been brought against her, she could have asserted the want of demand, and defeated the action, on the technical ground that, while the plaintiff was entitled to the property, her detention was not wrongful, because she had never denied it to him, or asserted any claim to said property inconsistent with his rights. The action would, in such case, be defeated, not because she was entitled to the possession, but because she was not guilty of *unlawfully* detaining; and in such case the judgment would be in her favor for costs, but she would not be entitled to a return of the property as against the lien

of the plaintiff. Wells, Repl. § 372; Cobbey, Repl. § 468; *Gidday v. Witherspoon*, 35 Mich. 368; *Hinchman v. Doak*, 48 Id. 168; *Darling v. Tegler*, 30 Id. 54; *Steere v. Vanderberg*, 90 Id. 189.[1] But this defendant cannot shelter himself behind a defense which his wife might make had she been the defendant. Suppose he did satisfy the court that she did not *unlawfully* detain this property, it goes for nothing, because she has never been charged with so doing. The plaintiff has not asserted that she detained it at all. Defendant, being unable to set up a right of exemption as to himself, and being equally unable to maintain the proposition that the plaintiff should be defeated because of his wife's right of exemption,—*i. e.*, the right of possession in another,—sets up the flimsy claim that if the plaintiff had seen fit to bring an action against his wife, she, although without a just right to the possession, might have shown that it could not be maintained against her for want of a demand.

It follows that the judgment of the circuit court must be reversed, and a new trial ordered.

The other Justices concurred.

---

[1] See *Farrah v. Bursley, post*.