CHARLES E. FARRAH AND JAMES E. FARRAH v. WILBUR BURSLEY AND MARY BURSLEY.

*Replevin—Judgment—Want of demand—Return of property.*

Where the defendants in an action of replevin in justice's court
    plead simply the general issue, and recover upon the sole
    ground that their possession was lawful when the writ issued
    because no demand had been made upon them for the prop-
    erty, and there is nothing in the record to indicate any claim
    upon their part of ownership or right to continued possession
    against demand, they are not entitled to a return of the
    property.

Error to Eaton.    (Smith, J.)    Submitted on briefs March 8, 1894.    Decided June 2, 1894.

Replevin.    Plaintiffs bring error.    Reversed, and judg-

ment entered in favor of defendants for nominal damages only. The facts are stated in the opinions.

*Huggett & Smith,* for appellants.

*Alvan G. Fleury (Horace S. Maynard,* of counsel), for defendants.

HOOKER, J. The only question which we will consider upon this record is whether a justice of the peace may order a return of replevied property where a judgment is rendered in favor of the defendant upon the sole ground that he had a lawful possession at the time the writ issued, because no demand had been made; the plea of the general issue, simply, having been interposed. The circuit court disposed of the case upon the assumption that the record made it possible to infer that the justice's judgment might have been based upon further facts consistent with defendants' right to a return, but we think the record clearly negatives such inference. There is nothing to indicate any claim of ownership, or right to continued possession against demand, upon the part of the defendants.

Under our statute a replevin suit may be defeated upon several grounds under the plea of the general issue, among them:

1. That the defendant did not detain the property when the action was commenced.

2. That he came lawfully into possession, and, though in duty bound to surrender to the plaintiff on demand, could not be said to detain unlawfully before demand and refusal.

In the first case there would appear to be no reason why the defendant should be awarded a return of property which he never had or claimed, and it is the settled law of this State that a return will not be ordered under such circumstances. *Gidday v. Witherspoon,* 35 Mich. 368; *Hinchman v. Doak,* 48 Id. 168. These cases show that

a defendant may be denied a judgment for a return of the property where the record shows that he has no right to it.

In the state of New York, it is the well-settled rule that the defendant must plead title, if he desire a judgment for the return of the property. *People v. Niagara Common Pleas,* 4 Wend. 217; *Bemus v. Beekman,* 3 Id. 667; *Smith v. Snyder,* 15 Id. 324; *Prosser v. Woodward,* 21 Id. 205; *Yates v. Fassett,* 5 Denio, 21; *Pierce v. Van Dyke,* 6 Hill, 613. See, also, Tiff. Justice's Guide (4th ed.), 675; *Boynton v. Page,* 13 Wend. 425; *Vose v. Hart,* 12 Ill. 378; *Conner v. Comstock,* 17 Ind. 90; *Hanford v. Obrecht,* 38 Ill. 493.

Irrespective of the question of pleading, it is a rule of wide application that the defendant must set up some affirmative right upon his part to have the goods delivered to him, or a return will not be adjudged. *Chambers v. Waters,* 7 Cal. 390; *Trotter v. Taylor,* 5 Blackf. 431; *Wright v. Mathews,* 2 Id. 187; *Powell v. Hinsdale,* 5 Mass. 343; *Douglass v. Garrett,* 5 Wis. 85; *Moulton v. Bird,* 31 Me. 296; *Ely v. Ehle,* 3 N. Y. 510; *Pratt v. Tucker,* 67 Ill. 346; *Coit v. Waples,* 1 Minn. 134.

In some states, where the right of property may be tried under the general issue, it is held that a general verdict entitles the defendant to a judgment for the return of the property. *Ford v. Ford,* 3 Wis. 399; *Sparks v. Heritage,* 45 Ind. 66; *Noble v. Epperly,* 6 Id. 414.

In *Steere v. Vanderberg,* 90 Mich. 187, 189, where the defendant showed that he was in possession under a claim of title, and where no title whatever appeared in the plaintiffs, it was held that defendant was entitled to the value of the property (or to a return thereof) without showing affirmatively that he had title against all the world. In the language of the opinion,—

"They [*i. e.,* the plaintiffs] failed to show on this trial any title in themselves, or any right to possession, but

sought to show that [one] Richards had a better title than defendant."

But when it *appears affirmatively*, from the findings of the jury, that the defendant has no title to the property, or right to continued possession, and that the plaintiff has title, there would seem to be no occasion for such a judgment, as was substantially held in *Ellis v. Simpkins*, 81 Mich. 10, which case was reversed because the court instructed the jury that the defendant could recover the value of the property if no demand was proved. The Court said that in such case the defendant would be entitled to nominal damages only, which is inconsistent with the theory that he could have a judgment for the return of the property replevied, had he not seen fit to waive it. See, also, *Darling v. Tegler*, 30 Mich. 54.

In the present case, it is said that we cannot assume that the plaintiffs had title, inasmuch as it does not affirmatively appear from the record. The record does not include the evidence. It does show that the plaintiffs' action was defeated upon some ground, not stated; but the justice distinctly certifies that he gave the defendants a judgment for the property (*i. e.*, its value) "solely because no demand had been made upon them for it." If this means anything, it implies that but for this want of demand the plaintiffs must have recovered; and we think that, under such circumstances, we should not resort to technical rules to do a manifest injustice, whereby the defendants are given the value of property, to the bare possession of which they claim no right as against the plaintiffs, except the fact that at the time the writ was issued they had a possession which was merely lawful, and that such possession was lawful solely (*i. e.*, only) because the plaintiffs had failed to make it unlawful by a seasonable demand. The effect of this would perhaps be to deprive the plaintiffs of all remedy, as, in case of a return

of the property after a trial upon the merits, no writ of second deliverance is allowed. How. Stat. § 8350.

The judgment of the circuit court must be reversed, and one entered in favor of the defendants for nominal damages only. The plaintiffs will recover their costs in this Court and the circuit court.

Long and Grant, JJ., concurred with Hooker, J.

Montgomery, J. (*dissenting*). Plaintiffs brought an action of replevin against the defendants before a justice of the peace. The declaration was the usual declaration in replevin, and the plea was the general issue. On the trial before the justice the defendants were awarded a judgment for the return of the property replevied. The plaintiffs thereupon removed the cause to the circuit court by writ of *certiorari*, alleging as grounds of error that the justice erred in awarding a return of the property to the defendants, upon the grounds—*First*, that, under the plea of the general issue, the defendants were not entitled, under our practice, to have judgment for a return of the property; and, *second*, that the sole ground upon which the justice awarded judgment of return was the failure of the plaintiffs to make a demand before bringing suit, and therefore the defendants were not entitled to the judgment entered. The return of the justice contains the following statement as to the reason of entering the judgment of return:

"Said order and judgment was based upon the facts that the said defendants were in lawful possession of the said goods and chattels at the time of the commencement of the said suit in replevin, and that there had been no demand made of said goods and chattels upon the part of said plaintiffs, or any one in their behalf, before the commencement of this action."

And further:

"That I, the said justice, decided and adjudged and entered an order and judgment in this cause that the

defendants should have a return of the property under the pleadings in this cause, and that such judgment and determination was based solely upon the fact that there had been no demand of the goods and chattels replevied before the commencement of this action."

It has been frequently ruled by this Court that where a party seeks to review the judgment of a justice of the peace by a writ of *certiorari*, and thus prevent a trial of the case upon the merits, as upon appeal, he must, at his peril, make the error in the proceedings affirmatively appear, and this Court will not aid his allegations of error by inferences. Indeed, rulings to this effect have been so frequent, and the holdings of this Court upon the subject so uniform, as to render a citation of the cases unnecessary. They are familiar to every practitioner. If this test be applied to this case, it seems to me clear that the contention of the plaintiffs in *certiorari* that the defendants were not entitled to a return of the property cannot be allowed. It nowhere appears by the record that the plaintiffs had the slightest interest in the property replevied. The defendants, prior to suing out the writ, were in possession. Not only this, but the justice returns that the judgment was based, not only upon the fact of failure to demand the property, but upon the further fact that the defendants *were in lawful possession* of the goods and chattels at the time of the commencement of the suit in replevin. The presumption from the defendant's possession is that he is entitled to a return of the property, and, unless the plaintiff shows that he has a better right to possession, it would be the duty of the court to order a return. The question is ruled by *Steere v. Vanderberg*, 90 Mich. 188. To reverse the judgment of the justice would be to determine the right in favor of the plaintiffs *against* the presumption, and with no affirmative showing that any proof rebutting this presumption was offered by them.

We think a fair construction of the statute (section 8339) entitles the defendant to have a return of the property on a determination in his favor under a plea of the general issue. The section provides that—

"The defendant may plead the general issue to such declaration, which shall be in the same form as in personal actions, and shall put in issue not only the detention of the property, but also the property of the plaintiff therein and his right to the possession thereof at the time of the commencement of the suit, and under such plea the defendant may give notice of any special matter of defense to the action."

This, we think, has been the uniform construction of this statute in this State for nearly, if not quite, a half century, and little light is afforded by the decisions of the courts of other states upon the peculiar statutes in force therein.

We think the circuit judge was right in affirming the judgment of the justice, and that his judgment should be affirmed, with costs.

McGRATH, C. J., concurred with MONTGOMERY, J.