ADELIA A. OLIN v. DAVID C. LOCKWOOD ET AL.

*Replevin—Contest between mortgagees—Judgment.*

1. How. Stat. § 8342, which provides that "when either of the parties to an action of replevin, at the time of the commencement of the suit, shall have only a lien upon, or special property or part ownership in, the goods and chattels described in the writ, and is not the general owner thereof, that fact may be proved on the trial, or on the assessment of value, or on the assessment of damages, in all cases arising under this chapter [288], and the finding of the jury or court, as the case may be, shall be according to such fact, and the court shall thereupon render such judgment as shall be just between the parties," is only applicable to a case where one party is the general owner, and the other a lienor or part owner.[1]

2. Where a prior mortgagee replevies the mortgaged property from the second mortgagee, and its value as found by the jury exceeds the amount of the mortgages, and the jury further find that the property was unlawfully detained by the defendant, the plaintiff is entitled to a judgment and to the costs of suit.

Error to Iron. (Stone, J.) Submitted on briefs October 2, 1894. Decided November 20, 1894.

Replevin. Plaintiff brings error. Reversed, and judgment entered in this Court in accordance with the opinion. The facts are stated in the opinion.

*Julius J. Patek,* for appellant.

*Moriarty & Abbott,* for defendants.

LONG, J. Action of replevin. Neither plaintiff nor defendants are the general owners of the goods replevied, but are mortgagees. Plaintiff took them into her possession under the writ against defendants. There is no dis-

---

[1] For cases bearing upon the proper construction of and practice under said section, see *Upham v. Caldwell,* 100 Mich. 264, and note.

pute of fact.   Plaintiff had a prior mortgage lien on the property, which the jury found amounted to $611.07, and the defendants' second mortgage amounted to $376.35. The value of the property was found to be $1,060.   The jury also found by their verdict that the property was unlawfully detained by defendants.   Upon this verdict, the court directed a judgment to be entered in favor of the defendants against plaintiff for the amount of their lien of $376.35, and, that defendants have execution therefor. Judgment was given plaintiff for costs of suit against defendants, and execution for the collection of such costs awarded.   Plaintiff brings error.

It is insisted that under this verdict the only judgment which could be entered was one in favor of plaintiff for costs against defendants; that if defendants desired to have the goods in their possession they should have tendered plaintiff the amount of her lien and costs; but that, not having made such tender, they could not waive return and have their lien assessed against plaintiff, and thus have their money judgment against her.   Plaintiff's mortgage was conceded to be the first lien, and had to be first paid out of the property.   For the purpose of enforcing this lien by foreclosure and sale, the plaintiff was entitled to possession of the goods and chattels; and the jury found that they were wrongfully detained by defendants.   It cannot be said, because the jury found the value to be $1,060, that plaintiff, on such foreclosure sale, could realize that amount.   If the goods fell short of bringing the amount of the two mortgages and costs, certainly the loss should not fall upon the first mortgagee; and yet, under the judgment entered, this would be the result, for the plaintiff, being compelled to pay the defendants the amount of their mortgage lien in full, might not be able to realize that amount out of the goods after satisfying her mortgage and costs of foreclosure.

How. Stat. § 8342, provides that when either of the parties to an action of replevin, at the time of commencement of suit, has only a lien upon, or special property or part ownership in, the goods, and is not the general owner, that fact may be proved on the trial or on the assessment of damages, and the finding of the court or jury shall be according to such fact, and the court shall thereupon render such judgment as shall be just between the parties. Under this statute it is claimed by defendants that the court properly directed a finding of the amount of the lien of each party, and that the only judgment which could in justice be rendered is the one directed by the court. This provision of the statute is applicable to a case where one party is the general owner, and the other a lienor or part owner. Here the parties both had liens only. The prior lienor had the right of possession, unless the amount of her lien was paid or tendered. If the defendants desired to have a return of the property, this was the way to obtain it; but they had no right to a money judgment against the plaintiff. Under the findings of the jury the judgment should have been in favor of the plaintiff and for costs of suit. *Kennedy v. Dawson,* 96 Mich. 79; *Frederick v. Circuit Judge,* 52 Id. 529.

Inasmuch as there is no dispute of fact, the judgment below will be reversed, and judgment entered here in accordance with the above, with costs of this Court in favor of the plaintiff.

McGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.