RYAN *v.* WAYSON.

1. CONDITIONAL SALE—DEFAULT—RIGHT OF POSSESSION.

   A contract for the sale of a stock of goods provided that title should remain in the vendor until the whole of the purchase price should be paid, but that the vendee should have the right of possession of the goods, with the right to sell the same at retail, subject to the provision that the stock should not at any time be reduced below a certain amount. *Held,* that upon the failure of the vendee to make the payments provided for by the contract, or in case of the reduction of the stock below the specified value, the vendor was entitled to the possession of the goods, although there was no express provision to that effect.

2. SAME—REPLEVIN—JUDGMENT.

   In replevin by the vendor under such a contract, a judgment in favor of the vendee for the excess of the value of the goods over the unpaid purchase price is unauthorized, since the vendee has no special interest in the goods, even if entitled to treat the contract as rescinded, but at most a personal claim against the vendor.

Error to Wayne; Donovan, J.  Submitted January 10, 1896.  Decided March 3, 1896.

Replevin by Hugh R. Ryan against Samuel W. Wayson.  Both parties bring error.  Judgment modified.

*Brennan, Donnelly & Van DeMark*, for plaintiff.

*Harlow P. Davock* and *E. F. Bacon*, for defendant.

HOOKER, J.   It appears from the undisputed facts that
on the 14th day of September, 1893, the defendant pur-
chased from the plaintiff a stock of goods in the city of
Detroit for an agreed consideration of $2,525.   At the
time of the purchase defendant paid all but $1,200 of the
purchase price, the balance of which was to be paid at
the rate of $100 per month, with interest at 7 per cent.
per annum, the first payment to be made on the 14th day
of October, 1893; but none of the balance of $1,200 was
paid by defendant.   At the time of the purchase a
written contract of sale was drawn up and executed by
the parties.   Defendant failed to keep up his payments,
and, after several interviews between the parties, an
arrangement was made that one Ziegler should be placed
in the store to look after plaintiff's interests, and to see
that the stock was not allowed to be depreciated below
the sum of $2,000, as provided in the contract.   A few
days after Ziegler was put into the store, plaintiff went there
while the defendant and his other clerks were at dinner,
and, together with Ziegler, took possession of the stock,
and locked up the store, keeping defendant and his em-
ployés out of the store.   That night Mr. Wayson's clerks
again obtained possession of the store, and on the follow-
ing morning, January 13, 1894, plaintiff sued out a writ
of replevin, and took the goods.   The case was tried be-
fore a jury, and they rendered a verdict in which they
found that the value of the stock at the time it was re-
plevied was $2,272; that the plaintiff had a claim against
said stock for unpaid purchase money of $1,200 and
interest, amounting to $1,272; and that the defendant
had an interest in the property of $1,000.   Upon this
verdict a judgment was rendered finding that the defend-
ant unlawfully detained the goods, that the plaintiff had
a lien upon the goods for the sum of $1,272, and that
defendant had a special property in the goods in the
amount of $1,000; also finding that the plaintiff had
recovered the goods on his writ, and adjudging that the
plaintiff recover from the defendant the sum of six cents

damages and costs to be taxed, and that defendant re-
cover from plaintiff the sum of $1,000, the amount of his
special property as found by the jury. The plaintiff and
defendant joined in settling the bill of exceptions, and
writs of error were taken out by each.

It will be observed that the effect of this is to cancel
the defendant's debt, and create one of $1,000 against the
plaintiff. The contract made by the parties contained the
following provisions:

"And it is further especially agreed between the parties
hereto that the title of said stock of hardware and fixtures
shall be and remain in the said Hugh R. Ryan until the
whole of said purchase price is paid as herein provided.
It is further agreed that the said Samuel W. Wayson
shall have the right of possession of said stock of hard-
ware and fixtures, and may sell the same at ordinary
retail price: *Provided*, that said stock and fixtures shall
not at any time be reduced below the sum of two thousand
dollars."

The defendant contended that the plaintiff had no right
to the possession of the goods, for the reason that the con-
tract gave the right of possession to the defendant, and
contained no provision that the plaintiff might take them
into his custody. The circuit judge held otherwise, and
in this, we think, he was right. The defendant was in
arrears $300, and, by the terms of the contract, the title
to the stock was in the plaintiff until the whole purchase
price should be paid. The right of possession was given
to the defendant, but this must be held to be limited to
the period that he should not be in default. A failure to
pay according to the terms of the contract, or a reduction
of the stock below $2,000 in value, would justify the
plaintiff in taking possession. *Wiggins* v. *Snow,* 89
Mich. 477. We find nothing in the record showing a
waiver of this right or an extension of the time of pay-
ment. Ziegler was put in the store by agreement, to see
that the stock was not unduly reduced; but there was

nothing to imply that the plaintiff relinquished his right to take possession in case of a breach of the contract by the defendant. We think, therefore, that the defendant has no reason to complain of the judgment. The plaintiff was the owner of these goods, and, under the facts found by the jury, was entitled to the possession of them at the time they were replevied.

The circuit judge permitted the jury to find that both the vendor and vendee had special interests in or liens upon the goods, and, as the plaintiff had taken possession, the amount of the interest of each was fixed by deducting the amount of the defendant's debt remaining unpaid from the value of the goods as found by the jury, and defendant given a judgment against the plaintiff for the remainder; in other words, the defendant was permitted to sell the goods to the plaintiff for such price as the jury might see fit to give him, by applying section 8342 of 2 Howell's Annotated Statutes. There is nothing to indicate that the defendant had a special interest in or lien upon those goods. He had a right to purchase them by making payment according to the contract. If, as seems to be claimed, he had a right to treat the contract as rescinded, he would certainly have no interest in the property, and at most might have a personal claim against the plaintiff for the amount paid. If there was any opportunity to find that the defendant was general owner of the goods, subject to plaintiff's lien, the latter ought not to be compelled to take the goods at a value to be fixed, and submit to a judgment in defendant's favor for the remainder, after deducting the amount of the unpaid purchase money. *Thirlby* v. *Rainbow*, 93 Mich. 164; *Olin* v. *Lockwood*, 102 Mich. 444; *Farrah* v. *Bursley*, 100 Mich. 547; *Tufts* v. *D'Arcambal*, 85 Mich. 185. Upon the undisputed facts and the findings of the jury, the court should have entered a judgment for the plaintiff, with damages assessed at six cents. The cause will be remanded, with direction to vacate the judgment heretofore

entered, and to enter a new judgment as above stated. The plaintiff will recover costs.

The other Justices concurred.