### HARRIS *v.* O'GORMAN.

REPLEVIN—SPECIAL VERDICT—RETURN OF PROPERTY.

   A verdict in replevin, simply that "defendant did not unlawfully detain," based on a plea of the general issue, which, under 2 How. Stat. § 8339, puts in issue, not only the detention of the property, but also the property of plaintiff therein, and his right to possession at the time of the commencement of the suit, does not entitle defendant to a return of the property.

*Certiorari* to Saginaw; Snow, J.   Submitted October 25, 1898.   Decided November 15, 1898.

*Mandamus* by Lovina Harris to compel John O'Gor-

man, justice of the peace, to issue a writ of *retorno habendo*. From an order granting the writ, respondent brings *certiorari*. Reversed.

*John E. Nolan*, for relator.

*James H. Davitt*, for respondent.

Montgomery, J. The Singer Manufacturing Company brought replevin before respondent to recover possession of a sewing machine, making one Lovina Harris defendant. On the trial the jury returned as their verdict that "the defendant, Lovina Harris, did not unlawfully detain said sewing machine." The judgment entered on the verdict was that the defendant did not unlawfully detain the said goods and property, and that she recover costs. Subsequently the defendant, Lovina Harris, applied to Judge Snow for a writ of *mandamus* directed to the justice to compel him to issue a writ of *retorno habendo*. The circuit judge granted the writ, and this ruling is before us for review.

The statute (section 8339, 2 How. Stat.) provides:

"The defendant may plead the general issue to such declaration, which shall be in the same form as in personal actions, and shall put in issue not only the detention of the property, but also the property of the plaintiff therein, and his right to the possession thereof at the time of the commencement of the suit, and under such plea the defendant may give notice of any special matter of defense to the action."

The question is whether, under such an issue, a verdict in the form in which that in question was given entitles the defendant to a judgment for the return of the property. The defendant is not in all cases entitled to a return of the property. It may appear that plaintiff is entitled to possession, and yet that judgment ought to go for defendant for the reason that he has not detained the property from the plaintiff. In such cases the verdict and judgment should be limited to a discharge of defendant and

costs in his favor. *McGregor* v. *Cole*, 100 Mich. 262; *Farrah* v. *Bursley*, Id. 547; *Weber* v. *Henry*, 16 Mich. 399.

It has been held that when the plea presents several issues, and the verdict is general, and broad enough to cover all the issues, as, for instance, "We, the jury, find the issues for the defendant," a return may be adjudged on such a verdict. Wells, Repl. § 753. But when there are several pleas, and the verdict is, "Not guilty," a return cannot be adjudged on such verdict. *Hanford* v. *Obrecht*, 38 Ill. 493; *Ford* v. *Ford*, 3 Wis. 399. It is well settled that at the common law the plea of *non cepit* does not entitle the defendant to the return of the goods. *Pierce* v. *Van Dyke*, 6 Hill, 613. And while, as we have seen, a verdict covering all the issues would entitle the defendant to a return of the property, as would also perhaps a general verdict for the defendant (*Baldwin* v. *Burrows*, 95 Ind. 81), in this case the verdict is not general, but limited to finding a single fact, viz., that defendant did not unlawfully detain the property. This verdict did not cover all the issues which defendant might have presented, possibly not all that she did present. She has, however, not appealed; and, unless we are to supply the defects in the verdict, we cannot treat it as a finding that she is entitled to a return of the property.

The circuit judge was in error. The order will be reversed.

The other Justices concurred.