NATIONAL CASH REGISTER CO. *v.* RICHARDS.

1. JUSTICES OF THE PEACE—APPEAL FROM JUSTICE'S COURT — RETURN—OPPORTUNITY TO BE HEARD.

Under Act No. 475, Local Acts 1903, giving justices of the city of Detroit authority to grant motions for new trial, the hearing and determination of the motion by the court in the absence of counsel for one of the parties who had appeared at the time for which the motion was noticed, and left because the opposite counsel did not appear, is valid where the justice returned on a motion to vacate the order granting a new trial, that upon the showing made by the respective parties he thought a new trial should be granted.

2. SALES—CONDITIONAL SALES—CONTRACT—RIGHT TO POSSESSION.

Upon the default by a vendee of personal property in making specified payments, the vendor is entitled to possession on declaration of forfeiture.

3. SAME—FORFEITURE—RESERVATION OF TITLE.

The seller may elect, under a conditional contract of sale reserving title, to waive the default and continue the contract in force.

4. SAME—NOTICE OF FORFEITURE—EVIDENCE.

 A letter advising the purchaser that the contract of sale will be held by an attorney until a specified date, after which possession will be demanded, is an election to waive the default until the date named, and continue the contract in force.

5. SAME—CONSIDERATION—CONTRACTS.

 No new consideration is required to render such waiver valid.

6. SAME—CONDITIONAL SALE—RESERVATION OF TITLE.

 A sale of personal property with reservation of title to the seller, gives the purchaser only the right to possession, but no lien or special property in the subject-matter.[1]

7. DAMAGES—REPLEVIN— RETURN OF PROPERTY — NOMINAL DAMAGES.

 In replevin by the seller of a cash register under a contract reserving title, the defendant who waives a return of the property is entitled, not to the value of the property, but to only such damages as are shown to have resulted from the seizure, and in the absence of evidence of actual damages, a judgment for nominal damages should be rendered.

Error to Wayne; Donovan, J. Submitted October 22, 1909. (Docket No. 156.) Decided December 10, 1909.

Replevin by the National Cash Register Company against Katie Richards and another. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed, and judgment entered for defendants for nominal damages and costs.

*Graves, Hatch & Wasey*, for appellant.

*Frank C. Moriarty* (*M. J. Lehman*, of counsel), for appellees.

OSTRANDER, J. Plaintiff sold a cash register to defendants and gave them possession thereof. The contract required defendants to pay $50 for the register, in installments, and title to the property was retained by plaintiff

---

[1] As to rights and liabilities of vendor and purchaser by conditional sale on default of payment, see note to *Cole* v. *Hines* (Md.), 32 L. R. A. 455.

with the right, in case of the default of defendants in making any payment, to take possession of the property and forfeit payments made. On June 6, 1908, defendants had paid $20 and owed $30, all overdue. Possession of the register was demanded, refused, and this action of replevin instituted in justice's court. There was a judgment for the plaintiff. A new trial was granted on motion of defendants. A motion of plaintiff to set aside the order granting a new trial was denied, and on July 31, 1908, a judgment for defendants was rendered. They waived the return of the property, and their damages were assessed at $20. In the circuit court, to which plaintiff appealed, the jury, by direction, returned a verdict for defendants, assessing their damages at the sum of $20. Judgment was entered on the verdict, with costs to defendants.

At the trial in the circuit court, plaintiff offered no testimony; but a statement of facts made by the attorney for plaintiff appears to have been accepted as true. Defendants, without objection, introduced in evidence two letters written by plaintiff to defendant Katie Richards and received by her, dated, respectively, June 3 and June 12, 1908. Katie Richards was sworn and testified that the register was in good condition when taken upon the writ; that she could not value it, but it was worth at least $20. There is no other evidence of defendants' damages or of their interest in the property. The letter of June 3d, written by the plaintiff, by its treasurer, calls attention to the fact that the payments due February 7th, March 7th, and April 7th are unpaid, and states that, unless a remittance of $30 to cover the balance of the purchase price is made on or before the 10th instant, the account will be placed in the hands of plaintiff's attorney for collection. The letter of June 12th, written from Dayton, Ohio, is signed by the attorney of the plaintiff, states that the account has been received by him from the treasurer's department, with the correspondence, including the letter of June 3d, and that he will hold papers until June 25th

before sending them to the attorney representing plaintiff at Detroit. If it is made necessary to forward the papers, "I will be forced to instruct him to take immediate possession of the register." Counsel for plaintiff requested the court to charge: That the said letter of June 3d was without consideration "so far as any extension was given to the defendants; that is, that the defendants parted with no consideration whatever, and the agreement for the extension is *nudum pactum*;" that the letter of June 12th is subject to the same objection, and also to the further objection that it was written after the suit was begun. The court was further requested to charge that there was no evidence of any damages sustained by defendants, that from any estimate of damages should be deducted the value of the use of the machine, and that a verdict for plaintiff with nominal damages be entered.

Defendants' notice of the motion for a new trial specified that it would be brought on for hearing before said justice at the opening of court, or so soon thereafter as counsel could be heard. Counsel for plaintiff attended at 9 o'clock, at the opening of court, and remained in the office of the justice until 9:45 o'clock, when the call of cases was concluded, and then, counsel for defendants not having appeared, asked the justice if he had the file of the case, and was told that he did not have it and did not know of said motion. Thereupon counsel for plaintiff left the office. The motion was called at 2 o'clock, and the order granting a new trial was entered; counsel for plaintiff being absent. In the affidavit for appeal, plaintiff raised the question of the regularity of this proceeding—indeed, the question of the power of the justice, in view of the notice of the motion, and in the absence of plaintiff, to vacate the first judgment. See Act No. 475, Local Acts 1903. Plaintiff having moved to set aside the order and the justice having returned that at the hearing of said motion plaintiff and defendants were heard, and the motion denied "because, upon the showing made by the respective parties, I thought a new trial should have been

granted," we conclude that the principal objection, namely, that the judgment was vacated without giving plaintiff opportunity to be heard, is answered, and that the circuit court was right in so ruling.

The other exceptions relate to refusal of the court to charge as requested by plaintiff. It is contended: (1) That, if it is admitted that the letters referred to were offers on the part of plaintiff, there was no acceptance of such offers; (2) that, if accepted, there still was no consideration for forbearance or for the offer to forbear. The letters aside, plaintiff had the right to possession of the property after defendants' default and after demand. This would be so if the contract had not, in terms, so provided. *Wiggins* v. *Snow*, 89 Mich. 476 (50 N. W. 991); *Ryan* v. *Wayson*, 108 Mich. 519 (66 N. W. 370). But the defendants did not forfeit any rights by the mere neglect to pay on the day or days named (*Deyoe* v. *Jamison*, 33 Mich. 94), and plaintiff might either declare the forfeiture and retake the property, or waive the default and continue the contract in force ( *Cable Co.* v. *Wasegizig,* 130 Mich. 387 [ 90 N. W. 24]). Plaintiff's letter of June 3d is plainly an election to continue the contract in force until the 10th instant, and the notification of such election to defendants. *Cole* v. *Hines*, 81 Md. 476 (32 Atl. 196, 32 L. R. A. 455). It was an election to receive the unpaid installments, rather than to forfeit the money which had been paid. For this purpose it was wholly unnecessary that a new consideration should move from defendants to plaintiff.

It follows that the demand made on June 6th was at least premature, and that when the writ of replevin was executed plaintiff was not entitled to possession of the property; but defendants' right to the property is the contract right. They have no lien upon, and no special property in, the register. *Ryan* v. *Wayson, supra.* A judgment in their favor for its value would manifestly be unjust. At most, they had a right to its possession until plaintiff elected to forfeit their rights, and to damages for

detention. No proof was made of any damages suffered, and the right to a return of the property was waived. Under the circumstances, a judgment for defendants for nominal damages and for costs should have been rendered. *Farrah* v. *Bursley*, 100 Mich. 547 (59 N. W. 245); *Harris* v. *O'Gorman*, 118 Mich. 553 (77 N. W. 12).

The judgment of the circuit court is reversed, with costs of this court. The record will be remanded, with directions to enter a judgment for defendants, with nominal damages and costs.

GRANT, MONTGOMERY, MOORE, and MCALVAY, JJ., concurred.